Neal et al. v. Peevey.

---

## NEAL ET AL. V. PEEVEY.

1. PRACTICE: *Verdict: To be corrected when wrong.*
It is the right and duty of the trial court to see that a verdict is in due form, and to amend it if it incorrectly expresses the intention of the jury.

2. SAME: *Oath of jury: Form: Record entry of.*
When the record states that the jury were duly sworn, the Supreme Court will presume that the proper oath was administered to try the case before the court.

3. INSTRUCTIONS: *General objection to several in gross.*
Where a general objection to several instructions in mass, without specifications, is overruled, the Supreme Court will affirm the ruling if one of them be good.

4. EVIDENCE: *Of plaintiff's character in an action for false imprisonment.*
Evidence of the plaintiff's bad character, is not admissible in an action for false imprisonment, either on the main issue, or in mitigation of damages, it not being involved in the action.

APPEAL from *Crawford* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*William Walker*, for appellants.

22

Neal et al. v. Peevey.

*C. B. Moore,* for appellee:

1. No exception was taken or noted by defendants to the amending of the verdict by the court. But the court had the right to reform the verdict. It was its duty to see that the verdict was formally and properly rendered. *Gantt's Digest, sec. 4676; Tucker & Stiles v. Cochran, Sup. Ct. N. H., Am. Law Reg., vol. 7 (N. S.), 254; Haycock v. Greup, ib., 533; Crary v. Carradine, etc., 4 Ark., 216.*

2. Where the record states that "the jury were duly or regularly sworn, this court will presume that the oath was properly administered." *Bell v. The State, 10 Ark., 536; Sandford v. The State, 11 ib., 328; Greenwood v. The State, 17 Ark., 332.*

3. No special objection is pointed out to any of the instructions.

4. The evidence excluded was no part of the *res gestæ,* and properly excluded.

SMITH, J. Peevey sued Neal and Miller for false imprisonment, and recovered a verdict and judgment for $175 damages.

1. Verdict, to be corrected when wrong.

The first and second grounds of the motion for a new trial were, that the verdict rendered was amended by the court without having been signed by the foreman after it was rendered, and that the court refused to receive the verdict rendered by the jury.

The bill of exceptions shows that the verdict returned into court read thus: "We, the jury, find for the plaintiff, and assess the damages at $87.50 each.

"JOSEPH SAVAGE, *Foreman.*"

The court informed the jury that their verdict was not in proper form, and that whatever damages they found should be against both of the defendants jointly. Thereupon, the jury unanimously consented that the verdict

should be modified so as to assess the damages at $175 against both defendants, and the modification was made by the court by erasure and interlineation, so as to make the verdict read as follows: "We, the jury, find for the plaintiff, and assess the damages at $175.

"JOSEPH SAVAGE, <em>Foreman.</em>"

And, after reading the verdict as modified, the court asked the jury if that was their verdict, to which each juror answered in the affirmative. But the foreman did not sign the verdict after it was modified.

No exception was taken at the time to the action of the court.

It is the right and duty of the trial court to see that the verdict is formal, and to amend it if it incorrectly expresses the intention of the jury. *Woodruff v. Webb*, *32 Ark.*, *612; Crary v. Carradine, 4 ib., 216; Russell v. Wheeler, Hempstead, 3.*

The third ground of the motion for a new trial was that the jury were not sworn to inquire into and assess the damages. The record shows they "were duly sworn to try the issue in the manner and form presented by law." This would have been sufficient in a criminal cause. *Hurley v. State, 29 Ark., 28; Greenwood v. State, 17 ib., 332; Ball v. State, 10 ib., 536.* 2. Oath of jury: Form of.

When the record states that the jury were duly sworn, we presume that the proper oath was administered to try the case before the court. *Vaden v. Ellis, 18 Ark., 355; Dillingham v. Skein, Hempstead, 181.* Entry of record.

The fourth ground was: "The court misdirected the jury." Eleven instructions were given at the instance of the plaintiff. None were prayed in behalf of the defendant. The exception being to the charge of the court in mass, without specifications, we have not looked into the matter further than to satisfy ourselves that some one of the prop- 3. INSTRUCTIONS: General objection to several in mass.

ositions announced was correct. *Atkins v. Swope, 38 Ark.,* *528; Murphy v. Lemay, 32 ib., 223; Chrisman v. McDonald,* *28 Ark., 8.*

**4. Evidence of character in false imprisonment.**

The fifth ground was: "The court excluded material evidence offered in mitigation of damages." The defendants offered to prove that, at and before the time of injury, the plaintiff was the keeper of a bawdy-house, and that on the night after the commission of the wrong complained of, the plaintiff had waylaid and attempted to assassinate one of the defendants by shooting him in the back, and inflicted a severe bodily wound.

This evidence was properly rejected. It was not a part of the transaction, nor had it any tendency to prove the main issue, which was, whether the plaintiff had been unlawfully restrained of his freedom of locomotion by means of force exerted by the defendant. Nor was it admissible to reduce the damages, the plaintiff's character not being involved in this action. It was, therefore, wholly irrelevant.

Affirmed.