No. 2111.

KAUFFMAN & RUNGE v. P. S. BABCOCK.

1. ATTACHMENT—MEASURE OF DAMAGES.—The owner of goods seized under an attachment wrongfully sued out is entitled to eight per cent interest on the value of the goods during the time they are in the hands of the sheriff, as actual damages.
2. CHARGE—CONSTRUCTION.—Instructions of the court should be taken as a whole, and each part construed in connection with the rest.
3. DAMAGES — UNLAWFUL BUSINESS. — No exemplary damages can be recovered for injury to a plaintiff's business or reputation as keeper of a gambling house, and where he carries on other business in connection with his gambling house, the jury should be so charged as to prevent them from considering the damages to the latter.
4. ATTACHMENT—DAMAGES—EVIDENCE.—In a damage suit for the wrongful levying of an attachment, plaintiff can prove his business capacity,

good credit, amount of liabilities, capital in business and profits. The value of his credit is a conclusion to be drawn from *these facts* by the jury, and plaintiff can not testify as to what it was worth to him. (Turner v. Strange, 56 Texas, 142, etc.)

APPEAL from Webb. Tried below before the Hon. J. C. Russell.

The evidence tended to show that plaintiff in this suit was running a gambling house, a saloon and variety theater, under the same roof and in connection with each other, at the time the attachment complained of was issued. The opinion states other facts.

*Showalter & Nicholson* and *R. G. Street*, for appellants, on evidence, cited Clardy v. Callicote, 24 Texas, 172; Gabel v. Weisensee, 49 Texas, 142; Turner v. Strange, 56 Texas, 142; Thompson & Co. v. Miller, White & Willson's Condensed Reports, section 1109; Wharton on Evidence, sections 509–514; 1 Greenleaf on Evidence, section 440.

On the right to recover damages for injury to an illegal business, they cited Act Seventeenth Legislature, chapter 25; Coppell v. Hall, 7 Wallace, United States, 559; Holt v. Green, 13 American Reports, 739; Fowler v. Scully, 13 American Reports, 708.

*McLane & Atlee* and *E. F. Hall*, for appellee, on the charge of the court, cited Jacobs, Bernheim & Co. v. Crum, 62 Texas, 415; Culbertson v. Cabeen, 29 Texas, 255; Ramsey v. Arrott, 1 Texas Court Reporter, No. 5, page 260; 1 Sutherland on Damages, 724; Drake on Attachments, sections 733–738.

On exemplary damages, they cited Hubby v. Stokes, 22 Texas, 220; Vaughn v. State, 21 Texas, 752; Hollingsworth v. Holshousen, 17 Texas, 47; Case v. Jennings, 17 Texas, 662; Mills v. Ashe, 16 Texas, 295.

WILLIE, CHIEF JUSTICE. The appellee sued Kauffman & Runge and Dario Gonzales, sheriff of Webb county, claiming actual and exemplary damages for wrongfully and maliciously suing out a writ of attachment and levying the same upon a stock of goods belonging to the appellee, and injuring his business reputation and credit. Kauffman & Runge answered by general denial, and also justified the seizure, and pleaded that attachment was sued out without malice and upon probable cause. Judgment was

rendered in favor of Gonzales, but against Kauffman & Runge for ninety-three cents actual and fifteen hundred dollars exemplary damages. From this judgment Kauffman & Runge have appealed.

It was shown upon the trial that the goods were retained in the possession of the sheriff for three days after their seizure, and were then returned to Babcock, the attachment suit having been settled. The ninety-three cents found by the jury as actual damages was the interest for three days at eight per cent per annum upon fourteen hundred dollars, the value of the goods, as found by the jury. This was the proper measure of damages, if the attachment was wrongfully sued out, and the court so instructed the jury at the request of the appellants themselves. There was ample proof to show that the goods were worth fourteen hundred dollars at the date of seizure.

The appellants complain that the charge of the court, in one part of it, authorized the jury to find exemplary damages, though there was probable cause for suing out the writ; and, in another part, authorized such a finding, if there was no probable cause, though no malice was made to appear. The main charge, taken alone, may be susceptible of this construction, but the instructions given at the request of the appellants cured all errors in this respect. In these the jury was instructed, in effect, that malice and probable cause must both appear to entitle the plaintiffs to a verdict for exemplary damages. The eighth charge does not instruct the jury that, if the attachment was wrongfully sued out, they might find vindictive damages.

After the judge had drawn a distinction between the circumstances which would justify the finding of actual damages, and those which would warrant exemplary damages, he told them that they should state, 1, whether the attachment was wrongfully sued out; 2, the amount of actual damages sustained thereby, if any; 3, the amount of exemplary damages allowed, if any. The jury could not have been misled into supposing that the court, by this language, intended to recall and repudiate all it had previously said, and lay down the law precisely to the contrary. It requires a very strained construction to connect the first with the third subdivision of the charge and to make the latter dependent upon the former, and the construction is against reason in view of the previous portions of the charge. The clear meaning of the charge is that if any exemplary damages are allowed

under the principles already laid down in the charge, the jury must state their amount.

The charge, we think, is not subject to the objection of repeating too often the ways and means by and through which the plaintiff would be entitled to recover damages. If so, the assignments of error do not point out to us in what this repetition consists in such a manner as to bring it to our notice, and we are unable to discover it ourselves.

We think, however, that the court erred in refusing to give the ninth special instruction asked by appellants, or some other charge that would have prevented the jury from finding exemplary damages for injury to the plaintiff's business of keeping a gambling house. Such a business was carried on in violation of the criminal law of the State, and involved the commission of an offense against public morals, which is not countenanced, but denounced by law. To allow damages of an exemplary character for an injury to such a business is to encourage a calling which it is the policy of the law to suppress. The duty due the public is far more important in the eye of the law than that which it owes to private individuals. Hence it avoids all contracts founded upon a violation of the criminal law or forbidden by public policy.

It will not give damages for impairing the value of a business which can not be pursued except in defiance of both the one and the other. The proof of injury to plaintiff's business included his occupation of keeping a gambling house. The court should, therefore, have so charged the jury as to prevent them from taking into consideration, when making up their verdict as to exemplary damages, any injury accruing to the business or reputation of the appellee as keeper of a gambling house.

Indeed, the evidence did not separate the damages to this business from those to the others which the appellee was following, and the jury could not separate them, and their verdict must necessarily have been tainted with an illegal and improper element. The court should have prevented this by an appropriate charge, such as that set forth in the seventh assignment of error, or should have been granted a new trial upon the ninth ground of the appellants' motion, and its refusal to do either of these is error for which the judgment will have to be reversed.

During the examination of the appellee as a witness, he was asked, "Was your credit worth anything to you prior to the twenty-ninth day of October, 1882," and "What was it worth to

you?" The latter question was objected to because it called for a conclusion of the witness. The objection was overruled and the witness allowed to answer the question, which he did by saying, "I considered it worth thirty thousand dollars to me."

This estimate must have been based upon the business capacity of the appellee, and his good credit at and before the twenty-ninth day of October, 1882, the amount of his liabilities, as also of his capital in business and the profits of the same. These were all facts, and the value of his credit was a conclusion drawn from them by the witness. The facts might have been detailed by the witness, but it was not he but the jury who should have drawn the conclusions from them. This is settled by the decisions of all our courts, and is well recognized wherever common law rules of evidence prevail. (Clardy v. Collicote, 24 Texas, 173, 174; Gabel v. Weisensee, 49 Texas, 142; Turner v. Strange, 56 Texas, 142; 1 Greenleaf on Evidence, sec. 440.

The court therefore erred in allowing the testimony to be elicited from the witness. For the errors stated the judgment will have to be reversed. It will not be necessary for us to comment upon the sufficiency of the evidence to sustain the verdict, as a different state of facts may be proved upon another trial. It may be proper, however, to suggest that in one respect the evidence seems insufficient to sustain the verdict for exemplary damages against Kauffman & Runge; it does not satisfactorily show that they participated in any malicious purpose of Levy in making the affidavit for attachment, if he had such, or with knowledge of such purpose approved his action.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 18, 1887.