JOHN MURPHY & another *vs.* PATRICK H. McNULTY.

Bristol. Oct. 26, 1887. — Jan. 4, 1888. C. ALLEN & KNOWLTON, JJ., absent.

If a dealer in intoxicating liquors, having a license authorizing him to sell such liquors only at his shop, sends a wagon containing liquors to his regular customers, and authorizes the driver to let such customers have what they want from time to time, a delivery of liquor at the shop of a customer by the driver, in pursuance of an order then and there given, is an illegal sale; and the dealer cannot maintain an action to recover the price of the liquors delivered, although he had previously, at his own shop, made an agreement with the customer to supply him in this manner with such liquors as he should from time to time require.

CONTRACT, on an account annexed, for goods sold and delivered. Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs introduced testimony tending to show that the defendant, who was a liquor dealer and who conducted his business under a license of the first class, called upon John Murphy, one of the plaintiffs, at their place of business, and where they were licensed to sell liquors under a license of the fourth class, issued by the city of Fall River, and made a contract with said Murphy to furnish and supply him with ales and liquors; and that the plaintiffs directed their teamsters to call upon the defendant on their rounds to customers, and supply him with such liquors as he might order.

The defendant had a pass-book, given to him by the plaintiffs, on the cover of which appeared, " Patrick McNulty in account with John Murphy & Co., wholesale liquor dealers, 141 South Main Street, Fall River, Mass." The pass-book was in the possession of the defendant, and the entries were made by the plaintiffs' teamsters. There was evidence tending to show that the teamsters, who acted as agents of the plaintiffs, did load four or five barrels of ale on their wagons daily, except Sundays, and drove around to their regular customers, and, if one of them was out of ale, they would deliver what was needed by the customer, and at other times they would take an order from said customer at his shop, and go to the plaintiffs' shop and return with the order filled, and deliver the liquors at the customer's shop.

There was no evidence of teamsters delivering liquors to anybody except regular customers, or of their receiving orders from other than regular customers.

It also appeared that the defendant ordered liquors a few times at the shop of the plaintiffs. Four witnesses for the plaintiffs testified that all of the liquors except ales were ordered by the defendant of the plaintiffs at the shop of the defendant, the order being given to the drivers, taken to the shop of the plaintiffs and filled, and then taken back to the shop of the defendant and delivered; but the defendant testified that he ordered and received such liquors from the teamsters while the teamsters were at his shop.

The plaintiffs asked the judge to rule, that if the plaintiffs, at the beginning of their dealing with the defendant, agreed to furnish the defendant with ales and liquors as a regular customer, and, in pursuance of this agreement, sent his agents to the defendant's shop for orders, which were communicated to the plaintiffs at the plaintiffs' shop, and the goods then delivered by the plaintiffs' teams, and, in further pursuance of said agreement, orders were given to the plaintiffs by the defendant, at the plaintiffs' shop, and there filled, and, in further pursuance of said agreement, at times, the plaintiffs' teamsters brought, upon their regular rounds, ales and liquors of the plaintiffs' in the plaintiffs' teams to the defendant's shop, which ales and liquors had not been previously ordered by the defendant, and then, at the defendant's shop, filled from such ales and liquors orders then and there given to the plaintiffs' teamsters, such sales would be legal, and the plaintiffs could recover therefor.

The judge refused so to rule, but ruled that sales so made by teamsters from the plaintiffs' wagon of ales and liquors not previously ordered by the defendant would be illegal; and found for the defendant.

The plaintiffs alleged exceptions.

*D. V. Sullivan*, for the plaintiffs.

*M. G. B. Swift*, for the defendant.

DEVENS, J. The plaintiffs had what is termed a license of the fourth class, which authorized them to sell spirituous liquors not to be drunk upon their premises. They could conduct this business lawfully only upon the premises designated in and covered by their license. Pub. Sts. *c.* 100, § 9, *cl.* 1, and § 10. Upon sales there made they could recover, such sales being legal. Upon sales made elsewhere they could not recover, as such sales would not be authorized by their license.

The request for a ruling made by the plaintiffs embraced, in a single paragraph, three different assumptions of fact. The request as made was refused, and the instruction actually given dealt only with the third assumption. It was evidently upon the state of facts thus assumed that the plaintiffs sought to recover. The plaintiffs in their argument at the bar also have relied solely upon the failure to give the instruction based upon the third assumption, and that actually given in lieu thereof.

The request was made as a whole, and was refused as such, and the plaintiffs could not be allowed to maintain an exception to such refusal based upon the ground that a portion of his request, if it had been separately made, should have been granted. It is by no means impossible that such instructions may actually have been separately given. The defendant was himself a liquor dealer, conducting his business under a license of the first class, and the ruling asked, upon the third assumption of facts, was in substance, that, " if the plaintiffs, at the beginning of their dealing with the defendant, agreed to furnish the defendant with ales and liquors as a regular customer," and, in pursuance of said agreement, "at times, the plaintiffs' teamsters brought, upon their regular rounds, ales and liquors of the plaintiffs' in the plaintiffs' teams to the defendant's shop, which ales and liquors had not been previously ordered by the defendant, and then, at the defendant's shop, filled from such ales and liquors orders then and there given to the plaintiffs' teamsters, such sales would be legal, and the plaintiffs could recover therefor." The court refused so to rule, and ruled that " sales so made by teamsters from the plaintiffs' wagon of ales and liquors not previously ordered by the defendant would be illegal."

A general agreement by the plaintiffs that they would furnish the defendant with such ales and liquors as he might desire to use in his business could not identify any of these articles as the subject of a contract mutually assented to by the parties. It would not authorize the plaintiffs to set apart any such goods at their place of business as the defendant's property, or to cause any to be transported to the defendant's shop, as if the same had been ordered or purchased by him ; nor did the plaintiffs attempt anything of the sort.

The case at bar does not require us to consider whether, if orders had actually been given at, or sent to, the shop of the plaintiffs, and the liquors sent in response thereto, (this being in accordance with the usual conduct of such business,) such a transaction could be considered a sale at the plaintiffs' place of business under the statute, even if the plaintiffs did not authorize any delivery of the goods sent unless paid for upon such delivery, or even if the defendant had the right to reject the goods if not satisfactory when they arrived. The plaintiff sent

out the liquors that their customers might be supplied from the wagon, if they so desired. This was simply making it convenient for them to purchase on their own premises, if the customers saw fit so to purchase. Such a transaction with the teamster constituted a peddling of the articles sold, and was carrying on the licensed business of the plaintiffs, not at their own shop and on their own premises, but on those of the defendant.

The fact that the teamster was to fill the orders only of regular customers, that is, of those who habitually bought of the plaintiffs, and not of chance or occasional customers, did not render the transaction the less a sale on the premises of the customer.                    *Exceptions overruled.*