YOUNG *v.* STEVENSON.

Opinion delivered April 22, 1905.

1. EXCEPTIONS—FAILURE TO PRESERVE.—An exception to evidence will be considered as waived if not preserved in the motion for a new trial. (Page 183.)

2. SAME—REFUSAL OF SEVERAL INSTRUCTIONS.—A general exception to the court's refusal to give several instructions collectively will not be considered on appeal if any of them are bad. (Page 183.)

3. PLEADING—AMENDMENT TO CONFORM TO PROOF.—The pleadings will be considered as amended to conform to the proof if no objection to its introduction has been preserved. (Page 185.)

4. DRAMSHOP LICENSE—ASSIGNMENT.—Where a licensed saloonkeeper sold his stock of liquors and his interest in the liquor business to another, and gave him a written power of attorney appointing him agent with power to sell liquor under the license issued to him, the transaction amounted to an assignment of the lease, and was illegal. (Page 183.)

5. DAMAGES—UNLAWFUL BUSINESS.—One cannot recover damages for the interruption of any unlawful business. (Page 184.)

6. SAME.—One unlawfully deprived of the use of a house and its contents, consisting of a stock of liquors, may recover to the extent that he was damaged, though he was at the time using the house and contents for an unlawful purpose, towit, the unlawful sale of liquors. (Page 184.)

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Affirmed with remittitur.

STATEMENT BY THE COURT.

Appellant, D. J. Young, having a judgment against the appellee, caused execution to be issued thereon, and levied upon a stock of liquors which appellee was selling at retail. The saloon

in which appellee did business was taken charge of under the execution and closed by the sheriff, and appellee brought this suit against appellants, Young and the sheriff, and the sureties on a bond of indemnity executed by Young to the sheriff.

The complaint alleged that the execution was void by reason of the fact that the judgment debt upon which the same was issued had been discharged in bankruptcy, and that the plaintiff had suffered damages on account of the wrongful levy of the execution, by being deprived of the profits of his said business and by injury to his credit.

The execution was, upon the trial of the cause in the circuit court, quashed by that court for the reason stated in the complaint, and the judgment of the court quashing it has been affirmed by this court (*Young* v. *Stevenson,* 73 Ark. 480), and all controversy as to the validity of the execution is thereby eliminated. The testimony shows that appellee, at the time of the wrongful levy of the execution, was operating a retail liquor saloon in Fort Smith under a license issued by the county court to one Mulraney; that he had bought out the stock and business of Mulraney, and was attempting to conduct the business under a written power of attorney signed by Mulraney appointing him as the latter's agent.

The court excluded the plaintiff's testimony tending to show that he had sustained loss of profits and injury to credit, but permitted him to prove the following items of damage, viz: $60 rent of house while the sheriff was in possession, $50 wages paid to barkeeper, $15 wages paid to porter and $4 value of beer spoiled while in hands of the sheriff. The court, in its instruction given over the objection of appellants, submitted these elements of damages to the jury, and a verdict was returned in favor of the plaintiff for $129, covering these items of damage. The defendants asked the court to give three separate instructions, all of which were refused, and they excepted generally.

*Ira D. Oglesby,* for appellants.

*F. A. Youmans,* for appellee.

Damages accruing after the institution of the suit may be recovered. 8 Am. & Eng. Enc. Law, 680; 2 Dill. 259. An exception must be made the ground of a motion for a new trial. 33 Ark. 107; 40 Ark. 114.

McCULLOCH, J., (after stating the facts.) Appellants insist that the judgment must be reversed because the verdict embraced elements of damages not claimed in the complaint. This would follow if they had objected to the introduction of evidence as to the added elements of damages, and saved their exceptions thereto. They did object, but the court admitted the evidence, and they failed to preserve their exception in the motion for new trial, and therefore are held to have waived it.

Their exception to the ruling of the court in refusing to give the three instructions asked *en masse* cannot be noticed, as two of them are not correct declarations of law. It has been many times held by this court that a general exception to several instructions will not be entertained on appeal if any of them be good. *Dunnington* v. *Frick Co.,* 60 Ark. 250; *Oxley Stave Co.* v. *Staggs,* 59 Ark. 370; *Fordyce* v. *Russell,* 59 Ark. 312; *Quertermous* v. *Hatfield,* 54 Ark. 16; *Frauenthal* v. *Bridgeman,* 50 Ark. 348. It is equally true that a general exception to the refusal to give several instructions, requested collectively, will not be considered here on appeal if any of them are bad. *Teague* v. *Lindsey,* 106 Ala. 266; *Fleming* v. *Latham,* 48 Kansas, 773; *Murphy* v. *McNulty,* 145 Mass. 464; *Wimbish* v. *Hamilton,* 47 La. Ann. 246; *Delude* v. *St. Paul City Ry. Co.* 55 Minn. 63.

The pleadings must be considered as amended so as to conform to the evidence. *Davis* v. *Goodman,* 62 Ark. 262.

The only question, therefore, properly raised and presented for our consideration is whether, upon the testimony, the plaintiff should have recovered for the items of damages embraced in the verdict. The liquor license issued by the county court to Mulraney was not transferable, and plaintiff was violating the law in attempting to do business under the same. The contract appointing appellee as agent of Mulraney, with power to sell liquor under the license issued to the latter, was no more nor less than an attempt to evade the law, and must be treated as an

assignment of the license. Mulraney sold the stock of liquor to appellee, who became the sole participant in the profits of the business, and Mulraney had no further interest therein. It is settled that no one can recover damages for the interruption of an unlawful business. 13 Cyclopedia of Law, p. 59; 3 Suth. on Dam. § 869; 1 Joyce on Dam. § 445; *Raynor* v. *Valentine Blatz Brewing Co.*, 100 Wis. 414; *Kauffman* v. *Babcock*, 67 Tex. 241, 2 S. W. 878. The two items of amounts paid to appellee's barkeeper and porter fall clearly within the rule announced, even if we hold that the deprivation of their services was not too remote to be the subject of recovery for damages. The levy of the execution upon the stock of liquor did not deprive appellee of the services of these employees except in the operation of the unlawful business. He could have otherwise employed them; even if he failed to find other employment for them, he could not complain that the appellants prevented him from enjoying their services in the unlawful undertaking.

The other two items stand upon a different basis. The appellants deprived the appellee of the use of his house during the period it was withheld. The use of the house was of substantial value, and the fact that appellee was, at the time of the levy, conducting an unlawful business therein did not work a forfeiture of his right to enjoy the use of it for a lawful purpose. The same rule applies to the value of the beer which spoiled during the time it was wrongfully withheld from appellee, and he was entitled to recover for its value. The fact that he held it for unlawful sale did not justify the appellants in wrongfully depriving him of his property right therein.

If appellee will, within two weeks, enter a remittitur of $65, the judgment will be affirmed; otherwise it will be reversed, and remanded for a new trial.