[No. 5358.]
[No. 3007 C. A.]

## SCHULTZ v. LEWIS.

1.  **Practice in Civil Actions—Damages—Action Based on Illegal Acts.**

No court will lend its aid to one who grounds his right to a recovery upon the fact that he was conducting his business in a manner prohibited by law and against public morals.—P. 413.

2.  **Landlord and Tenant—Unlawful Use of Premises—Eviction after Notice—Damages.**

Where a lease provided that the lessee would not use or permit the premises to be used for any purpose prohibited by law, and the lessee pleaded guilty to a charge of keeping a disorderly house, in an action for eviction after the expiration of a notice to vacate, there being no evidence to sustain a verdict for actual damages, the plaintiff could not recover for such eviction.—P. 414.

*Error to the District Court of Teller County.*
*Hon. Wm. P. Seeds, Judge.*

Action by Thomas Lewis against Mary Schultz. From a judgment for plaintiff, defendant brings error.                    *Reversed.*

Messrs. TEMPLE & CRUMP and Mr. E. C. STIMSON, for plaintiff in error.

Mr. G. Q. RICHMOND, for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The defendant in error, claiming to be a tenant of plaintiff in error, sued to recover actual and exemplary damages, for an unlawful and malicious eviction from the rented premises, during the term of the lease and contrary to the covenants thereof.

Conceding that defendant in error had a lease, which is strenuously controverted by plaintiff in error, one of the covenants of the lease was: "That the lessee will not use or permit such premises to be

used for any purpose prohibited by the laws of the United States or the state of Colorado or by the ordinances of the city of Cripple Creek.''

The testimony of defendant in error proved, that he was conducting a social club with a membership of over one hundred colored men; that he held a license to sell liquor; that the club was frequented by members of the club and white women, as their invited guests; that liquor was dispensed to all alike; that he was charged in police court with running a disorderly house, pleaded guilty and paid his fine.

The evidence shows, that plaintiff in error served upon defendant in error a notice to vacate, and after the expiration of the time fixed by the notice for the vacation of the premises, plaintiff in error commenced to demolish the building and compelled defendant in error to vacate.

The court instructed the jury, that in the absence of proof of actual damages ''the plaintiff could not in that event recover for more than a nominal sum as compensatory or actual damages, as for instance, for $1.00.

''And if you shall find that the defendant deliberately and for the purpose of forcing plaintiff out of the possession of the premises, caused the building to be destroyed or rendered uninhabitable, they should find for the plaintiff in such sum as in your judgment would constitute reasonable exemplary damages.''

These instructions were excepted to and assignments of error are based thereon.

The verdict of the jury was for $782.00, upon which judgment was rendered.

As above stated, the testimony of defendant in error conclusively shows that he was carrying on a business in the leased premises in violation of the

criminal laws of the state and contrary to public morals.

To award exemplary or any damages under the testimony in this case would be to encourage the commission of offenses prohibited by the criminal laws of the state. No court will lend its aid to one who grounds his right to a recovery upon the fact that he was conducting his business in a manner prohibited by law and against public morals.

In *Kauffman & Runge v. Babcock*, 67 Tex. 241, an action to recover damages for a wrongful attachment, the trial court refused to instruct the jury to exclude from its findings exemplary damages for injury to plaintiff's business of keeping a gambling house. The court held this was error, and in discussing the question said, at page 244:

"Such a business was carried on in violation of the criminal law of the state, and involved the commission of an offense against public morals, which is not countenanced, but denounced by law. To allow damages of an exemplary character for an injury to such a business is to encourage a calling which it is the policy of the law to suppress. The duty due the public is far more important in the eye of the law than that which it owes to private individuals. Hence it avoids all contracts founded upon a violation of the criminal law or forbidden by public policy.

"It will not give damages for impairing the value of a business which cannot be pursued except in defiance of both the one and the other. The proof of injury to plaintiff's business included his occupation of keeping a gambling house. The court should, therefore, have so charged the jury as to prevent them from taking into consideration, when making up their verdict as to exemplary damages, any injury accruing to the business or reputation of the appellee as keeper of a gambling house."

The principle is well settled that no court will lend its aid to a party who bases his action upon criminal or illegal acts. No citation of authorities is necessary in support of this doctrine.

Under the testimony in this case, there being no evidence to sustain a verdict for actual damages, the court should have instructed the jury that in no event could the plaintiff recover, and should have dismissed the action upon plaintiff's testimony.

The judgment will be reversed with instructions to the court below to dismiss the action.

*Reversed.*

Chief Justice Steele and Mr. Justice Caswell concurring.