### HARBAUGH v. DWYER.

(Circuit Court of Appeals, Ninth Circuit. May 16, 1923. Rehearing Denied June 18, 1923.)

No. 3946.

1. **Injunction** &⟹186(3)—**Measure of damages for wrongful injunction, injury to party enjoined, not benefit to adverse party.**

The measure of damages arising from a wrongful injunction is the loss to the party enjoined, not the benefit accruing to his adversary, and where a party has been improperly enjoined from prosecuting his business, it is ordinarily immaterial whether the plaintiff was engaged in the same line of business, and if engaged in the same line of business, whether such business was conducted at a profit or a loss.

2. **Patents** &⟹308—**Patentee of gambling device wrongfully enjoined from use cannot recover damages.**

The owner of a patent for a ticket-dispensing machine, used concededly as a gambling device, is not entitled to damages for wrongful injunction in a patent infringement suit procured at the instance of the owner of a patent for a similar device similarly used, merely because the adverse party profited from the unlawful operation of such gambling device, while the injunction was in force; he not being entitled to recover profits which he might have realized in violation of law, and having no interest by contract or otherwise in the unlawful profits of his adversary.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit in equity by Joseph F. Dwyer against Paul Harbaugh for injunction to restrain infringement. Decree was for defendant, and reference was had to ascertain defendant's damages. Exceptions to the report of the master assessing damages were sustained, and decree denying damages entered, from which defendant appeals. Affirmed.

This was a suit for infringement of letters patent for a ticket-dispensing machine used by the plaintiff for selling collar buttons and other merchandise. Upon the filing of the complaint, a preliminary injunction was granted, after notice, restraining the defendant from making, using or selling the infringing device during the pendency of the suit, upon furnishing a bond in the sum of $10,000 to secure the payment of any damages that might be awarded to the defendant, if on final hearing it should appear that the

---

&⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant had not infringed the patent in suit. Upon final hearing the court held that there was no infringement and dismissed the complaint. A reference to the standing master followed to ascertain the damages, if any, sustained by the defendant by reason of the preliminary injunction. After a hearing the master assessed the damages in the sum of $13,650, or at the rate of $1,500 per month from the date of the preliminary injunction to the date of its dissolution. The court sustained exceptions to the master's report, and denied the prayer for damages. From this order or decree the defendant has appealed.

T. J. Geisler, of Portland, Or., for appellant.

John W. Roberts and E. L. Skeel, both of Seattle, Wash. (Frank A. Steele, of Seattle, Wash., of counsel), for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and VAN FLEET, District Judge.

RUDKIN, Circuit Judge (after stating the facts as above). It was conceded before the master, and is now conceded, that the machines used by both parties to this suit were gambling devices (Dwyer v. Seattle, 116 Wash. 449, 199 Pac. 740), and it is further conceded that the owner or operator of a gambling device cannot recover damages by way of lost profits for interference with his unlawful enterprise. This rule is well settled. 17 C. J. 797; 13 Cyc. 59; 3 Sutherland on Damages, § 969; 1 Joyce on Damages, § 445; Raynor v. Valentin Blatz Brewing Co., 100 Wis. 414, 76 N. W. 343; Kauffman v. Babcock, 67 Tex. 241, 2 S. W. 878; Young v. Stevenson, 75 Ark. 181, 86 S. W. 1000. But the appellant contends that through the wrongful injunction the appellee has realized profits that otherwise would have accrued to him, and that the appellee should be required to account for these profits, notwithstanding the illegality of the enterprise in which both parties were engaged, inasmuch as the illegal transactions out of which the profits arose are at an end. Brooks v. Martin, 2 Wall. 70, 17 L. Ed. 732, and kindred cases are cited in support of this view. If the premise is correct, the conclusion might follow; but what interest has the appellant in the profits made or realized by the appellee? Each party was using a different gambling device, at least different in the sense that one did not infringe upon the other, and the appellant had no interest, contractual or otherwise, in either the business of the appellee or in the device employed by him.

[1, 2] The measure of damages arising from a wrongful injunction is the loss to the party enjoined, not the benefit accruing to his adversary, and where a party has been improperly enjoined from prosecuting a business it is ordinarily immaterial whether the plaintiff was engaged in the same line of business or not, and if engaged in the same line of business, whether his business was conducted at a profit or at a loss. If the gambling devices here in question were in general use by others, it would scarcely be contended that the appellee could be required to account to the appellant for any part of the profits realized by him, and the mere fact that the devices were used by these two parties only does not change the measure of damages or the rules of law. It is to be regretted that the appellee has profited by an abuse of the processes of the court, but the appellant is in a measure responsible for

this. Had he interposed the defense of illegality at the threshold of the case, doubtless the injunctive relief would have been withheld, for, in the absence of any such defense, the court on final hearing said:

"There is another reason why I am inclined to think the court should decline to grant plaintiff relief. If plaintiff's device is not a lottery or gambling device, it borders closely thereon. It is the element of chance in its operation which gives it value, and hence I doubt whether a court of equity, on grounds of public policy, should assume to protect him in a monopoly thereof."

Of the injunction, therefore, the appellant has little ground for complaint. But in any event he is not entitled to recover profits he might have realized in operating a gambling device in violation of law, nor is he entitled to share in the profits of another, in which he has no interest, and to which he has no lawful claim by contract or otherwise.

The decree of the court below is affirmed.