Gulf, Colorado & Santa Fe Railway Company v. W. A. Butler.

Decided June 19, 1901.

1.—Carrier of Live Stock—Delay—Damages.

A charge giving, as the measure of damages for failure to furnish, in due time, cars at the point of shipment for market, the resulting difference in value of the cattle at the point of shipment, was erroneous.

2.—Harmless Error—Verdict.

Error in submitting an element of damages to the jury is not ground for reversal where their verdict, itemizing the damages allowed, showed that nothing was recovered on the ground in question.

Error to the County Court of Brown. Tried below before Hon. R. P. Conner.

*J. W. Terry* and *G. N. Harrison,* for plaintiff in error.

*T. C. Wilkinson,* for defendant in error.

COLLARD, Associate Justice.—Suit by W. A. Butler, defendant in error, against the Gulf, Colorado & Santa Fe Railway Company, plaintiff in error, filed on the 21st day of March, 1900, to recover damages alleged to have resulted from failure to furnish eight cars for shipment of cattle (ordered by Butler) in a reasonable time, for injury to cattle on account of defective condition of cars, and for delay and rough handling of the cattle en route on defendant's road. The cattle were to be shipped to East St. Louis for sale in the market.

On the question of damages for the delay in furnishing cars at San Angelo, Texas, by which injury resulted to the cattle, the court below instructed the jury that the measure of damages would be the difference in the market value of the cattle at San Angelo at the time the cars should have been furnished at San Angelo, and the time they were furnished.

*Opinion.*—The first assignment of error relied on by plaintiff in error complains of that part of the charge which has been stated, because it submits erroneously the measure of damages. Clearly the court's charge was erroneous. The difference of the market value of the cattle in East St. Louis, the place of destination, in the condition they should have been delivered there and the condition in which they were delivered, is the measure of damages in cases of this character—a shipment of cattle to that point for sale on the market. Railway v. Nicholson, 61 Texas, 491; Railway v. McCarty, 82 Texas, 611; Railway v. Stanley, 89 Texas, 44.

Defendant requested a charge which embodied the correct rule as to the measure of damages, which was refused by the court. An examination of the testimony does not show that the error in the court's charge above noticed was harmless. Railway v. Warner, 88 Texas, 647.

The assigned error, if it be error, that the court should not have submitted to the jury plaintiff's charge for cost of extra feed to his cattle, was without injury, as evidently the jury allowed nothing on that account. The verdict was: "We the jury find for the plaintiff $250 for damages on cattle while in pens at San Angelo, with 6 per cent interest from October 24, 1899, and we further find for the plaintiff $500 damages on cattle between San Angelo and Paris, with 6 per cent interest from October 24, 1899."

On the question that the testimony fails to estimate the damage to the cattle while confined in the pens at San Angelo, for which the jury awarded $250, we need not express an opinion at this time. Doubtless another trial will develop the required evidence.

Because of the errors noticed above, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*