MISSOURI, O. & G. RY. CO. v. BORING.
(No. 7110.)

(Court of Civil Appeals of Texas. Dallas. April 4, 1914. Rehearing Denied April 25, 1914.)

1. TRIAL (§ 139*)—CAUSES OF ACTION—DIRECTED VERDICT—WHEN AUTHORIZED.
    Where there was evidence to establish one ground of recovery alleged in the petition, a peremptory instruction requested by defendant was properly refused, though plaintiff could not recover on another ground alleged.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

**2. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.**

In an action for injuries to a section hand while attempting to remove a hand car from a track, evidence *held* to justify a finding that the accident was caused by the negligence of the foreman in causing the weight of the car to fall on the section hand.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

**3. TRIAL (§ 203*) — PLEADING — ISSUES — INSTRUCTIONS.**

Ordinarily, where plaintiff presents two causes of action, the court's withdrawal of one of the causes from the jury eliminates that ground of recovery and the defense set up against it, and defendant may not complain that the defense was not presented in the charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

**4. TRIAL (§ 145*)—WITHDRAWAL OF ISSUES—FAILURE TO SUBMIT ISSUES.**

The failure of the court to submit an issue to the jury withdraws the issue from their consideration.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 328, 341; Dec. Dig. § 145.*]

**5. MASTER AND SERVANT (§ 287*)—INJURY TO SERVANT—EVIDENCE—ISSUES.**

Where, in an action for injuries to a section hand while attempting to remove a hand car from the track, the evidence showed that a car weighed about 300 pounds, and that one person could take a car off the track, and that three men were engaged in removing the car, the issue of the carrier's negligent failure to furnish a sufficient number of men to handle the car with safety was not raised, and an instruction submitting that issue was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. § 287.*]

**6. TRIAL (§ 252*) — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.**

Where, in an action for injuries to a section hand while attempting to remove a hand car from a track, caused by the negligence of the foreman in permitting the car to fall on the section hand, thereby causing hernia, there was no evidence that plaintiff had suffered a rupture before the accident, and a physician testified that, if he had been diseased and weak at the time of the accident, that condition had nothing to do with the injury, the refusal to submit the issue of plaintiff's weak or diseased condition as a cause of the accident was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

**7. EVIDENCE (§ 123*) — RES GESTÆ — STATEMENTS ADMISSIBLE AS PART OF THE RES GESTÆ.**

A statement by one of the parties to an occurrence which resulted in injury, made at the time of the occurrence, with reference to the cause of the injury or the conduct of the parties is admissible as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

**8. EVIDENCE (§ 123*) — RES GESTÆ — STATEMENTS ADMISSIBLE AS PART OF THE RES GESTÆ.**

The statement of a section foreman, in the instant after the happening of an accident to a section hand under his control, as to the cause of the accident was properly received as a part of the res gestæ when material to the issues as then disclosed by the pleadings and the evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

**9. EVIDENCE (§ 118*) — RES GESTÆ — STATEMENTS ADMISSIBLE AS PART OF THE RES GESTÆ.**

A statement admissible as a part of the res gestæ is not rendered inadmissible because it contains a profane expression.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 297–302; Dec. Dig. § 118.*]

**10. TRIAL (§ 89*) — EVIDENCE — MOTION TO STRIKE.**

Where evidence when received was admissible under the issues as then disclosed by the pleadings and the proof, but thereafter the evidence became immaterial because of the withdrawal of the issue under which it was admissible, the remedy was by motion to strike out the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 228–234; Dec. Dig. § 89.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by J. H. Boring against the Missouri, Oklahoma & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

John T. Suggs, of Denison, for appellant. J. E. Cawthon, of Denison, and Jones & Hassell, of Sherman, for appellee.

TALBOT, J. This is an action to recover damages for personal injuries sustained by the appellee through the negligence of appellant's section foreman, Riddle, while appellee, employed as a section hand, and the said Riddle were attempting to remove from appellant's railroad track a hand car used by them in connection with their work. Appellee alleged, as grounds of negligence: (1) That, in order to remove the hand car from the track, "the plaintiff, the said section foreman, and another laborer took hold thereof with their hands, and, as they raised or lifted said car from the rails, said section foreman pushed and shoved said car against and upon plaintiff in such a manner as to place the great weight of the car upon him, and at the same time then and there dropped the end of the car which he was then lifting, thereby causing the great weight of the car to fall upon and against plaintiff, dragging and pulling him down," from which he received and suffered a serious inguinal hernia on both sides; (2) that, if mistaken in the aforesaid alleged cause of his injuries, then he says the defendant, its agents, servants, and employés neglected, failed, and refused to furnish a sufficient force of men to do the work which plaintiff was required to do when hurt; that, in order to perform said work with safety, not less than four men should have been employed, when in fact defendant had only three men; that defendant knew, or by the exercise of ordinary care could have known, that said force of three men was wholly inadequate and insufficient to perform said work with safety, notwithstanding which defendant employed and furnished said inadequate and insufficient

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

force to do and perform said work. The defenses pleaded were a general denial, and that plaintiff's injury resulted from his own negligence and unfitness for the work in which he was engaged, which unfitness was due to his weak, sick, and diseased condition prior to and at the time he claims to have been injured; that he was engaged in interstate commerce; and that his injury resulted from a risk incident to the business he was engaged in and was assumed by him. A trial of the case resulted in a verdict and judgment in favor of the plaintiff for the sum of $2,500, and, the defendant's motion for a new trial having been overruled, it appealed.

[1] The first assignment of error complains of the trial court's refusal to instruct the jury at defendant's request to return a verdict in its favor. The proposition advanced under the assignment is: "Where the evidence is undisputed that the plaintiff at the time he received his injury was engaged in interstate commerce, as employé of a common carrier by railroad, that the force furnished to handle a hand car, in connection with the moving of which he was injured, was insufficient to his knowledge, before the injury, that he continued in the movement notwithstanding such knowledge, and the evidence respecting the proximate cause of the injury, if not undisputed, was such that ordinary minds could only reach the conclusion that the attempt to move the car with an insufficient force was the proximate cause of the injury, the defendant, having pleaded that the plaintiff was engaged in interstate commerce, and assumed the risk of injury therefrom, is entitled to a peremptory instruction to the jury to return a verdict in its favor." As has been seen, the plaintiff based his right of recovery upon two separate and distinct grounds of negligence: First, the negligence of appellant's section foreman, under whom he was working, in shoving against him the hand car they were attempting to remove from the railroad track, and then dropping the end of the car in such a manner as to place or throw the great weight of the car upon plaintiff; second, in negligently failing to furnish a sufficient number of men to handle the car with safety. There was ample evidence to establish the first ground of negligence alleged, and, this being true, the peremptory instruction requested by defendant was properly refused, even though plaintiff might have been precluded from a recovery upon the second ground of negligence alleged by the doctrine of assumed risk.

[2] The plaintiff testified: "I received directions from the foreman, Mr. Riddle, with reference to moving that hand car off of there. I undertook to remove the hand car. The foreman, Mr. Riddle, and my father assisted me. The foreman and I picked up one end of the car, and my father swung onto the opposite end. There is something built upon the hand car that stands up from it. They are the levers. The levers are in the center of the hand car. My father had hold of the lever, and had his foot on the end of the car. He just took hold of the car and swung back, with his foot on the end of the hand car pulling back this way. I was on the northeast corner of the hand car. The road runs north and south there, and the car was setting up and down the track. Mr. Riddle was on the northwest corner. We picked up the opposite end from my father. We lifted it and carried the end of it off the track. That end of the car should have been carried around eight or ten feet in order to remove it from the track. It should have been carried just half way around. We did not carry it halfway around. The foreman swung his part of it and turned it loose. The hand car has got handles to pick it up by. He turned loose of the handle. When he turned loose the weight of the car went on me and hurt me in my side in the lower part of my bowels. I can describe the way it felt. It was just a tear. It appeared to be a tear and hard pain; just like I had a knife in me. I was pitched over on the car. My father pushed the car off then. The foreman made a statement there with reference to turning it loose. He asked me if it hurt me when he dropped the hand car on me, and I told him it did."

G. W. Boring testified: "At the time my son got hurt he and Mr. Riddle, the foreman, were carrying the hand car around. They were on the north end of the car. Mr. Riddle had hold of the northwest corner, and my son had hold the northeast corner. Mr. Riddle was west of my son. When they started around I was a step or two from them, and I just hurried up and put my left foot on the car and took hold of the lever with my left hand to help them, and just about the time I got that done Mr. Riddle just gave it a jerk and turned loose, without saying a word; without saying he was ready or anything else. My son just kind of fell over on the car. When he turned it loose the north end of the car was kind of angling with the track, or when he made his swing to turn it loose it was kind of angling. It wasn't around as far as he wanted it, and he just made a little swing and turned all holds loose. They did not lift the whole car as they undertook to go around with it. They lifted one end. I had hold of the lever. I was pulling back on it to kind of take the weight off of them. They were lifting up on the front end, and I was bearing down on the other end. When he turned that loose there the end that they had hold of just fell right down on the ground. My son just stood there with his hands on the car, and Mr. Riddle just walked right around the car and stopped, and I pushed it out on off, and I just turned around to the water keg to get

me a drink, and as I turned around there to the keg Mr. Riddle says, 'Did I hurt you when I dropped the car on you?' and he [plaintiff] says, 'Yes.' Mr. Riddle said that right there in just an instant after it happened. He said it looked like the Goddamned railroad was too short to furnish enough men to handle the hand car."

The cases cited by appellant do not control a decision of the question here presented. The principle enunciated in them would probably be applicable to the facts alleged in the second count of plaintiff's petition as a basis of recovery; but that phase or branch of the case was not submitted to the jury, and hence in effect withdrawn from their consideration.

Appellant's second and third assignments of error are submitted together, and the third complains of the court's refusal to give the following special charge, namely: "Even if you believe from the evidence that defendant failed to furnish a sufficient number of men to handle the hand car at the time and place plaintiff claims to have been injured, and that defendant was guilty of negligence in so failing, yet if you believe that such failure and negligence was the sole cause of plaintiff being injured, if he was injured, you cannot find in his favor, and must return a verdict for defendant." The proposition here is: "Where the evidence is undisputed that the plaintiff at the time he received his injury was engaged in interstate commerce, as employé of a common carrier by railroad, that the force furnished to handle a hand car, in connection with the moving of which he was injured, was insufficient to his knowledge, before the injury, that he continued in the movement, notwithstanding such knowledge, and the evidence respecting the proximate cause of his injury, if not undisputed, was ample to sustain a finding by the jury that the attempt to so move the car was the proximate cause of the alleged injury, defendant, having pleaded that plaintiff was engaged in interstate commerce, and assumed the risk of injury from such handling of the car, is entitled to a charge affirmatively submitting the issue to the jury."

[3, 4] Ordinarily, where the plaintiff by his pleadings presents two causes of action or grounds of recovery, the withdrawing by the court of one of the causes of action from the consideration of the jury eliminates that alleged ground of recovery and the defense set up against it, and complaint cannot be made that such defense was not presented in the court's charge; and that the failure of the court to submit an issue to the jury has the effect to withdraw it from their consideration is well settled. Railway Co. v. McCarty, 82 Tex. 608, 18 S. W. 716; Thompson v. Field, 164 S. W. 1115, recently decided by this court, and not yet officially reported.

[5] But, regardless of whether or not the action of the court in failing to submit to the jury the alleged failure of defendant to furnish sufficient men to handle the car in question with safety as a basis of recovery by plaintiff, there was no error in refusing the special charge under consideration. The testimony pointed out in appellant's brief does not sustain its assignment of error and proposition to the effect that the evidence was sufficient to justify a finding by the jury, as authorized by the refused special charge, that the failure of defendant to furnish a sufficient number of men to handle the hand car at the time and place plaintiff claims to have been injured was the sole cause of plaintiff being injured. The testimony quoted in support of the contention is that of the plaintiff, his father, G. W. Boring, and appellant's witness Gleason. The only testimony of the plaintiff that remotely bears upon the question is the statement that "a fair estimate of the weight of a car would be between 700 and 1,000 pounds," and that of his father is of but little more probative force. In this connection he simply said: "If the three of us had been at the end of the car, there would not have been plenty of us to lift it off. I have seen a few hand cars handled with three men at one end." While appellants' witness Gleason testified: "I am familiar with the hand car that they had in use between Denison and Red River. It is a Sheffield car. I would judge the weight of one of these cars to be about 300 pounds. I can put one of these cars off and on the track by myself, one end at a time. I weigh about 160 pounds. In handling the car I do not pick up the whole car; I pick up one end of it and walk around and let the other end drag, derailing it, or else will roll it. I won't say as to the exact weight of the car. I said it weighed about 350 pounds." Clearly this testimony did not raise as an issue of the proximate cause of plaintiff's injury the failure of the defendant to furnish a sufficient number of men to handle the hand car with safety, much less that it was the "sole cause of plaintiff being injured." It does, however, make plain the correctness of the trial court's action in declining to submit as ground of recovery the alleged failure of defendant to furnish a sufficient number of men to handle the car, and leaves the fact that the proximate cause of plaintiff's injury was the negligence of appellant's section foreman in dropping the weight of the car upon the plaintiff as established beyond question by the other evidence in the case. At all events the evidence as a whole shows that, if the turning loose of the hand car by the section foreman and dropping the weight of it on plaintiff was not the sole proximate cause of plaintiff's injury, such action on the foreman's part was a concurring proximate cause thereof.

[6] The fourth and fifth assignments of error challenge the correctness of the court's action in refusing special charges requested

by the defendant submitting as an issue of the proximate cause of plaintiff's injury his alleged weak, sick, or diseased condition. The evidence did not call for or authorize the giving of either of these charges. As stated above, the evidence shows that the plaintiff's injury was caused by the conduct of appellant's foreman in negligently turning loose his hold of the hand car and thereby throwing the weight of the same upon plaintiff, and the evidence is wholly insufficient to show that the physical condition of the plaintiff contributed in any manner to the injury he received, and the special charges should not have been given. There is no evidence that plaintiff had suffered a rupture before the accident in question occurred, and the undisputed testimony of appellant's physician, Dr. Bolen, affirmatively shows that, if plaintiff was in fact weak and diseased at the time he was injured, such condition had nothing to do with bringing about the injury of which he complains. This witness testified: That, where a man is situated as the undisputed evidence shows that plaintiff was situated, and had the weight of a car thrust upon him in the manner that the undisputed evidence showed that plaintiff did, but one of two things could have produced the rupture; it was either a completion of a partial rupture before, or he was ruptured at the time of the accident. That an intelligent physician making an examination under these circumstances could arrive at no other conclusion. He further testified: "A man who was in a weakened condition would not be any more liable to suffer that sort of an injury than a man of robust strength similarly situated and placed. It would not make any difference. Sometimes a man who is very muscular from the very fact that he is muscular, a sudden strain put on him will cause the tenseness of those muscles to tear." There was no evidence whatever that plaintiff had been ruptured prior to the accident in question.

[7-10] Nor do we think the court committed reversible error under the circumstances shown, if error at all, in allowing the witness G. W. Boring to state that at the time of the accident resulting in injury to the plaintiff appellant's foreman, Riddle, said: "It looked like the God-damned railroad was too short to furnish enough men to handle the hand car." As contended by counsel for appellee, "an exclamation or statement made by one of the parties to a transaction resulting in injury at the time of the happening of such transaction, and having reference to its cause or to the conduct of the parties, is res gestæ." This statement and the time and circumstances under which it was made are testified to by the witness G. W. Boring. He said: "Mr. Riddle just walked right around the car and stopped, and I pushed it out on off, and he just held there with the car and walked backwards, and I just turned around to the water keg to get me a drink, and as I turned around there to the keg Mr. Riddle said, 'Did I hurt you when I dropped the car on you?' and he says, 'Yes.' Mr. Riddle said that right there in just an instant after it happened. I don't suppose it was over a minute after he dropped the end of the car before he made this talk; maybe not that long; just long enough for me to push the car back and turn around back to the water keg on the other side of the track. He said it looked like the God-damned railroad was too short to furnish enough men to handle the hand car." Plaintiff's petition presented two grounds of recovery, one based upon the negligence of the foreman in handling the car, and the other upon the negligence of the railway company in failing to provide a sufficient force to handle the car with safety. At the time this testimony was offered and admitted, it was pertinent to the issue tendered by plaintiff's pleadings that the defendant was guilty of negligence proximately resulting in plaintiff's injury in failing to furnish a sufficient number of men to handle the car with safety. Plaintiff's petition presented no question of interstate commerce, and no evidence had then been introduced tending to show that the parties were engaged in interstate commerce, nor was it then known that the evidence would be insufficient to entitle plaintiff to go to the jury on the issue of insufficient force. These things being true, the statement of the foreman was admissible as a part of the transaction itself. The profane expression used, and the fact that it was made in reference to the foreman's employer, would in no manner, we think, affect its admissibility. We are of opinion, however, that, had a motion been made when it became apparent that the plaintiff must fail on the issue tendered of the insufficient force to handle the car, or when it was made known that such issue would not be submitted to strike out the testimony, such motion should have been sustained. Such course on the part of the defendant or a requested charge to the jury to disregard the testimony was, under the circumstances, we think, necessary to enable defendant on appeal to avail itself of the error in the admission of the objectionable testimony, and, neither course having been resorted to, we think it is in no position now to complain. At least it furnishes no sufficient ground to warrant a reversal of the case.

The seventh and eighth assignments of error, which are grouped, have been examined, with the conclusion reached that they disclose no good reason for reversing the case, and will be overruled, without discussion.

The verdict is sustained by the evidence, and, no reversible error being found in the record, the judgment is affirmed.