# JUNE 1920

ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. J. B. WHITE.

No. 2659.    Decided June 2, 1920.

(222 S. W., 963.)

**Carrier—Delay—Fall in Market.**

Where cattle, by negligence of the carrier, were delayed in transportation to market, which they reached half an hour before it closed for the day, but too late to be made ready for sale before its close, the shipper was entitled to recover as damages the difference between their market price on that day and that on the day following, on which they were sold and on which the market price had fallen. Chicago, R. I. & G. Ry. Co v. Young & Ball, 107 S. W., 127, disa proved, and Ft. Worth & D. C. Ry. C. v. Albin, 142 S. W., 933, followed. (Pp. 586, 587).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Kaufman County.

White sued the Railway Co. and had judgment which was affirmed on appeal. 160 S. W., 1128. Writ of error was obtained by appellant on the ground of conflict in the ruling made on the measure of damages with a decision of another Court of Civil Appeals.

*Andrews, Ball & Streetman,* and *A. H. Dashiell,* for plaintiff in error, cited:—C. R. I. & G. R. v. Young & Ball, 107 S. W., 127; St. L. I. M. & S. R. Co. v. West Bros., 159 S. W., 143; Yount v. Wabash R. R. Co., 119 S. W., 1; Ratliff v. Q. O. & K. C. Ry. Co., 94 S. W., 1005; Ray on Carriers of Freight, 887.

*Wynne, Wynne & Gilmore,* for defendant in error, cited:—F. W. & R. G. Ry. Co. v. Albin, 142 S. W., 933; St. L. & S. F. R. Co. v. Cortwright, 151 S. W., 630.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

In this case, defendant in error recovered of plaintiff in error damages sustained by cattle belonging to defendant in error, from

rough handling and delays occasioned by the negligence of plaintiff in error, in transporting the cattle to market in Chicago. Had ordinary care been exercised, plaintiff in error would have delivered the cattle in time for them to have been sold on Monday's market. The cattle were delivered at 2:30 P. M. on Monday. The market closed thirty minutes later. There was testimony that this was too late to place the cattle on the market before Tuesday, because it required an hour or an hour and a half to shape up the cattle for the market. The decline in the market price of the cattle from Monday to Tuesday was fifteen cents per hundred pounds. Defendant in error was allowed compensation for this decline in the verdict on which judgment was rendered by the trial court. The charge stated the measure of damages to be the difference between the market value, at Chicago, of the cattle, had they arrived without delay or injury, and their market value, at Chicago, upon the first market after their arrival for which they could be prepared by the shipper by the use of reasonable diligence.

Plaintiff in error urged in the Court of Civil Appeals and urges here that the delivery of the cattle, before the close of the market on Monday, precluded any recovery by defendant in error on account of the decline in the market after Monday, regardless of the time required to put the cattle in shape for sale on the market.

In support of this position, the decision of the Texarkana Court of Civil Appeals is cited in Chicago, R. I. & G. Ry. Co. v. Young & Ball, 107 S. W., 127. In that case, it was held that the proper measure of damages for delay in a cattle shipment was the difference in market value of the cattle, at destination, at the time of their delivery to the consignee, and their market value at destination, at the time and in the condition in which they should have arrived; and, it was further held that the shipper could not recover for any loss occurring after the delivery of the cattle to the consignee because the cattle could not be rested and fed and watered, after delivery, before the close of the day's market.

The Dallas Court of Civil Appeals, in refusing to follow the decision in Chicago R. I. & G. Ry. Co. v. Young & Ball, *supra*, cited with approval the opposite conclusion of the Austin Court of Civil Appeals, in an opinion of Chief Justice Key in Ft. Worth & R. G. Ry. Co. v. Albin, 142 S. W., 933.

The writ of error was granted because of the conflict between the decision in this case, reported in 160 S. W., 1128, which follows the Albin case, and the decision in Chicago R. I. & G. Ry. Co. v. Young.

There is no difference in actual loss to a shipper from a negligent failure to deliver cattle until the close of a day's market and from such failure to deliver until too near the market's close to effect sales. The shipper cannot reasonably be required to do more in

getting cattle on the market than to exercise ordinary care. Complete compensation for the actual consequence of the carrier's wrong would be denied were the shipper not allowed to recover for a decline in market prices which occurred before he could sell on the first market open to him, before he was at all in default, and, it cannot be said to be a negligent act in law to prepare cattle for market in the customary way.

In Gulf, C. & S. F. Ry. Co. v. McCarty, 82 Texas, 612, 18 S. W., 716, it seems to have been assumed that the time, after arrival, at which cattle could have been made ready for the market, would be the time to ascertain their value, for the purpose of measuring damages for delay in their shipment. See also St. Louis, I. M. & S. Ry. Co. v. Henry, 81 S. W., 334; Ayres v. C. & N. W. Ry. Co., 75 Wis., 215, 43 N. W., 1122.

In our opinion, the question was rightly determined by the Court of Civil Appeals, and the judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*