JOHN E. CLARDY AND ANOTHER V. J. B. CALLICOATE.

It is error, to decline deciding upon an objection to the defendant's answers to interrogatories propounded by the plaintiff, on the ground, that a similar objection was made at a former term, at which the cause was submitted to a jury, and that, therefore, it must be presumed to have been waived or determined.

A statement in the defendant's answer, that his creditors pressed him, because the plaintiff, by a writ of sequestration, had closed his store, is objectionable, for irrelevancy, where the question sought to elicit facts entirely antecedent to the closing of the store.

The opinion of a witness is not admissible, to prove that a party has been damaged by the suing out of a writ of sequestration, or the amount of such damage.

The business capacity of the party, his liabilities, capital, and profits of his business; his good credit before the writ issued, and want of it after its execution; his being pressed by creditors, and stopping business; are facts that may be shown, to aid the jury in determining the amount of damage incurred.

But such a case is not an exception to the general rule, that witnesses must state facts, and not opinions and conclusions from facts, either disclosed or not disclosed.

APPEAL from Caldwell. Tried below before Thomas H. Harwood, Esq., as special judge selected by the parties, the presiding judge being disqualified from sitting in the case.

This was a suit by the appellants, John E. Clardy and John G. Blanks, against the appellee, J. B. Callicoate, on a promissory note for $997.82, and to foreclose a mortgage given to them by the defendant, to secure its payment, on all of the groceries and provisions which he had in his store, as a grocer and dealer in provisions, and on all his notes, accounts and books, made and obtained by virtue of his said grocery and provision store.

The plaintiffs, at the time of commencing their suit, caused a writ of sequestration to be issued as to the property and effects included in the mortgage; by virtue of which the sheriff seized, and took into his possession, all of the groceries and provisions in the defendant's store, and held possession of them from the 2d until the 9th of February, 1856, when they were replevied by the defendant.

The defendant admitted, in his answer, the execution of the

note and mortgage sued upon; but, by plea in reconvention, averred that the writ of sequestration had been wrongfully and maliciously sued out, and asked for judgment for the damages which he alleged he had sustained by reason thereof. During the pendency of the cause, the plaintiff propounded interrogatories to the defendant, the third of which, and the answer thereto, were as follows:

Interrogatory 3d.—"Did you not state to said Clardy, at the time above stated, that you had already, and within the last day or two, disposed of all your valuable notes, claims and accounts, and that they amounted to about $1000; and that you had but a few hundred dollars in claims, notes and accounts, left; and that they were nearly or quite worthless?"

Answer.—"I did not, at the time above stated, tell him that I had disposed of all my valuable notes, claims and accounts; but did tell him, after he closed my store by writ of sequestration, that I had given them to Col. Montgomery and John McRobertson, to pay my debts that I owed them; do not remember saying the amount of debts paid off in the above way; did not say to him at the time first above stated, that I had only a few hundred dollars in claims, notes and accounts, left; but did state to him, after my store was closed by him, as aforesaid, that I had only a few hundred dollars in notes and accounts left, after paying up the aforesaid claims, and that they were nearly worthless; and I had to pay off these debts, in consequence of the parties pressing me, owing to plaintiffs closing my store."

The plaintiffs moved to strike out that part of the answer, which reads as follows: "I had to pay off these debts, in consequence of the parties pressing me, owing to plaintiffs closing my store;" but the court overruled the motion, on the ground, that it appeared that the cause had been submitted to a jury, at a former term of the court, when a motion of like character had been filed; and the court would presume, that the motion had been overruled by the court, or waived by the plaintiffs. To this ruling, the plaintiffs excepted.

The plaintiffs took a bill of exceptions, to the action of the

court, in overruling various exceptions, taken by them, to the admissibility of testimony offered by the defendant; but the only one decided, will be fully understood from the opinion; it is, therefore, unnecessary to state the other facts.

There was a judgment in favor of the defendant, for $2000; a motion for a new trial, by the plaintiffs, was overruled, and they appealed.

*Spencer Ford*, for the appellants.

*Chandler & Turner*, for the appellee.

ROBERTS, J.—The questions which it will be necessary to notice, arise upon the bill of exceptions.

An objection was filed, to a part of the answer of the defendant, as irrelevant, and not responsive to the questions asked him. The court declined to decide the question, raised by the objection, because it had been made at a previous term of the court. From that fact, the court held it proper to presume, that the motion containing the objection, had been either determined, or waived. There has been no statute, or rule of practice cited, which authorizes such ruling, nor are we aware of any such.

A rigid examination and comparison of the questions and answers, is not necessary now. The last sentence, in the third answer, seems to be liable to the objection of irrelevancy; as it states the reason why his creditors pressed him, to be, that plaintiffs had closed his store, when the question sought to elicit facts, entirely antecedent to the closing of the store.

The main question in the case, arises upon the admission, in evidence, of what was, in effect, the opinion of the witnesses; that the defendant was injured by the sequestration, and had thereby sustained damage, in certain amounts. Without reciting all the objectionable questions and answers, it will suffice to refer to one answer. A witness stated, that the writ of sequestration " stopped defendant's business, caused him to suspend, and broke him up;" and, he thought, " he was damaged

Clardy v. Callicoate.

not less than $10,000." This answer involves the opinion of the witness, upon the matter in issue before the jury, to wit, that defendant had been damaged, to a large amount, and that damage resulted from the suing out the writ of sequestration. This was clearly an usurpation of the province of the jury. The explanation, afterwards given by the witness, that "his estimate was based on his knowledge of defendant's character, as a business man, his business capacity, energy, and perseverance, and upon the fact, that it was the execution of the sequestration, which caused him to suspend business, and which broke him up," does not relieve the answer from the objection. The business capacity of the defendant, his good credit before the writ was issued and executed, the amount of his liabilities, and the amount of his capital in business, the profits of such business, and then, after the execution of the writ, his want of credit, his being pressed by his creditors, his stopping his business, and the like, may have been important facts, to be submitted in proof, to the jury, to aid them in arriving at the conclusion, as to the amount of damage done to the defendant; and that such damage was the result of suing out the writ of sequestration, by the plaintiffs. Whether the suing out of the writ was justifiable, wrongful, or malicious and wrongful, was another question, dependent upon these, as well as other facts, in the transaction, which is not involved in the objection to the evidence, now under consideration. This is not a case coming under any exception to the general rule, that the witnesses must state facts, within their knowledge, and not conclusions, opinions, or deductions from facts, either disclosed, or not disclosed. The principles of law, here announced, have been too well settled, to require further elucidation. (Donnell v. Jones, 13 Alabama Rep. 510; Lincoln v. Saratoga Railroad Co., 23 Wend. 430; Herrick v. Lapham, 10 Johns. Rep. 281.)

For these errors, in the ruling of the court upon the evidence, the judgment must be reversed and the cause remanded.

Reversed and remanded.