TURNER ET AL. V. A. B. STRANGE.

(Case No. 1405.)

1. DAMAGES — OPINIONS OF WITNESSES — ELEMENTS OF. — A. rents land
   to B., agreeing to furnish a cistern for B.'s use.  In a suit for dam-
   ages for breach of the contract, A. having failed to supply the cis-
   tern, *held*,

   (1) That damage to the crop because of loss of time whilst hauling
   water was not to be considered.

   (2) That general opinions of witnesses as to amount of damages
   from failure to furnish cistern, based in part on loss of crop, were
   erroneously admitted.

   (3) That it was error to refuse a charge excluding from the con-
   sideration of the jury in estimating damages, sickness in the family
   occasioned by the quality of water used, or damage to the crop by
   loss of time whilst hauling water.

APPEAL from Houston.  Tried below before the Hon.
John R. Kennard.

Suit for damages for breach of contract.  The plaintiff,
A. B. Strange, contracted with W. P. Turner for a cer-
tain tract of land for one year, the terms being, one-
third of the corn and one-fourth of the cotton to be paid
to Turner as rent for the year.  Turner agreed to build a
cistern on the place, but there was a conflict of evidence
as to whether this agreement was a part of the original
contract; and whether or not it was absolute, or condi-
tioned on his obtaining the guaranty of the builder who
should be employed that the cistern would hold water.
The cistern was not built, and Strange alleges failure on
the part of Turner to build it or to supply him with a
team until it should be built, and that he was compelled to
haul water, and sued for damages in the sum of $500.

The evidence was that the water was hauled on an
average of from two to three times a week; there was a
difference of opinion between witnesses for plaintiff and
those for defendant as to the cost per trip, — the former
stating two dollars, the latter seventy-five cents as the

cost in time, labor and team. Several of plaintiff's witnesses estimate the damage to him at $500, but they elsewhere state two dollars a trip to be the actual cost of hauling the water; and one of them testified that in stating $500 as his estimate of plaintiff's damage, he took into account inconvenience and loss to the crop. This testimony was admitted over the objection of the defendant that witnesses must give facts, not opinions, and exception was taken to the ruling of the court.

Substantially the following was asked by defendant as a part of the court's charge to the jury, and refused: That if the jury were satisfied that the contract as alleged was made, and that defendant agreed absolutely to build the cistern and furnish a wagon and team to haul water, they should assess the damages actually sustained; that is, loss of time, value of team, and services. That loss to crop, sickness in the family and inconvenience to them were not proper items to enter into the calculation of damages.

*H. W. Moore*, for appellee.

*Burnett & Wicks*, for appellant.

BONNER, ASSOCIATE JUSTICE.—I. The testimony of the witnesses Brazile and White, as shown by bill of exceptions, not only included the question of their opinion as to the amount of damages resulting directly from the alleged failure of appellant Turner to furnish the cistern, but also indirect damages to the crop of appellee Strange. We are of opinion that the testimony did not come within the exceptions to the general rule that witnesses must state facts, not draw conclusions or give opinions. Clardy v. Callicoate, 24 Tex., 170.

Such exceptions ought not to be extended or enlarged so as to include new cases, except as a necessity to pre-

vent a failure of justice, and when better evidence cannot be had. Note 12 to 1 Whart. Ev., § 510.

The facts which constituted the basis for such actual damages as the law would give under the proper allegations in this case, were of easy comprehension to an ordinary mind, and did not involve a question of skill, science, trade or other like character, about which, as an exception to the general rule, the opinion of an expert is admitted. Neither did it involve such question of value, founded upon the peculiar knowledge, skill and judgment of the witnesses, in regard to the particular or general subject matter under consideration, as brought it within another and kindred exception to this general rule.

These exceptions are based upon the reason that the facts which constitute the cause from which the opinion of the witness is deduced as an effect, cannot themselves be so presented or communicated to the mind of the jury as to impart to them the knowledge actually possessed by the witness. Cooper v. The State, 25 Tex., 338.

The facts testified to by the witnesses in this case were such as could be stated or described in language which would enable persons not eye-witnesses to form an accurate judgment in regard to them, and about which the jury were as competent to form a correct opinion as the witnesses, and hence did not come within the reason of the exception. 1 Whart. Ev., §§ 509–514, and authorities cited in notes; 1 Greenl. Ev., 440.

The witnesses, under proper rules for the measure of damages, should have stated the several grounds which constituted the basis of damages, and the amount or value of these damages. These rules should have been given in charge to the jury for their guidance, and their verdict should have been founded upon this evidence as applied to these rules, and not upon the general opinions of the witnesses.

It is true that they detailed the facts upon which their

testimony was based, some of which were proper elements of damage, and this, as to these items, may have had the effect to correct any erroneous impression made by the evidence adduced, of their opinions.   But so far as the court, over the objections of appellants, permitted them to give a general opinion of the amount of damages, when their opinion was based in part upon the loss of the crop, which was not, in this case, a proper ground for damages, we think there was error which may have misled the jury, and for which the judgment should be reversed.

II. There was also error in the refusal of the court to give in charge to the jury the proper rules of law for the measure of damages in this case, and to which attention was called by special instruction number 1, asked by appellant and refused by the court.

The general charge of the court on this subject was as follows: " On the subject of damages, your consideration is to be confined to the actual damages resulting directly, and not indirectly from such breaches of the contract as may be respectively proved by the parties."

The charge was defective in not specially instructing the jury what, under the issues and evidence, were the rules of law by which they should estimate the damages as a question of fact.   R. R. Co. v. Le Gierse, 51 Tex., 204.

It is not deemed material to pass upon the other errors assigned, for if well taken they are of such character as will probably be avoided on another trial.

For the two errors above indicated, the judgment below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 22, 1882.]