Opinion by
Will-son, J.
§ 82. Pleading; denial of partnership must he sworn to. An answer denying a partnership, alleged in plaintiff’s petition, is entitled to no consideration, unless it be verified by the affidavit of the defendant, his agent or attorney, and, upon exceptions taken to it upon this ground, should be stricken out. [R S. art. 1265, sub. 6; W. & W. Con. Bep. § 506.]
§ 84. Examination of witness; leading question; witness must state facts. The issue was whether or not a mortgage was fraudulent. A witness was asked the following question: “Was the execution of the mortgage in fraud of the creditors of Duggan Bros. ? State if such was the fact or not?” This question was objected to, 1. Because it was leading; and 2. Because it called for a conclusion of the witness, instead of for facts within his knowledge. Held, that although the question might be answered.“yes” or “no,” still it did not suggest to the witness the answer desired by the party propounding it, and was therefore not leading. [1 Greenl. Ev. § 434; Abel v. Sparks, 6 Tex. 349; Trammel v. McDade, 29 Tex. 361.] But the second objection to the question was well taken. It is a general rule of law that witnesses must only state facts, and that the jury are to draw the inferences and conclusions from the facts given in evidence. [McKnight v. The State, 6 Tex. Ct. App. 158; Clardy v. Calicote, 24 Tex. 170; Turner v. Strange, 56 Tex. 141; W. & W. Con. Rep. § 1109.] Fraud, like malice or any other intent, is proved or inferred by showing the existence of certain external facts and circumstances. These external facts and circumstances should be proved, leaving the jury to draw their own inferences and conclusions therefrom.
*66 December 12, 1883.
§ 85. Evidence; hearsay. Declarations made by A. that B. was his partner, and not made in the presence of B., are hearsay, and not admissible against B. to prove a partnership between A. and B.
§86. Partnership; cannot be proved by reputation, etc. It is not competent to prove a partnership by general reputation, common rumor, or the opinion or belief of a witness founded on such hearsay testimony. [W. & W. Con. Rep. § 103.]
Reversed and remanded.