THE GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
W. C. WRIGHT.

No. 50.

1. **Evidence—Opinion of Witness as to Damage.**—" How much, in your opinion, were these beef cattle damaged per head by reason of the fact that they remained in the muddy pens of the railway company thirteen hours, on a cold, damp day and night, without food from early Friday morning until about 9 o'clock Saturday night?" *held*, to be an improper question, as calling for the opinion of the witness.

2. **Same—Jury to Estimate the Damage.**—As to what is the effect of a given kind of treatment upon an animal, either in reducing or increasing its weight, or in injuring or benefiting its appearance, is a proper matter of opinion to be stated by witness to the jury; but as to whether these several items constitute the legal damage in a given case, and the amount of such damage, the jury must decide under proper instructions from the court.

3. **Railway Company—Authority of Station Master.**—Where a station master of a railway company verbally agrees with a shipper to furnish an engine and cars at a given time, it is not necessary for the shipper, in a suit against the company for damages resulting from a failure to so furnish the cars, to allege and prove that such station master has authority to make such verbal agreement.

4. **Pleading—Failure of Consideration—Cattle Shipping Contract.**—Where plaintiff sues a railway company for damages occurring in the shipment of live stock, and desires to avoid a stipulation in the written contract of shipment releasing all damages that may have occurred from delay in receiving the stock, furnishing cars promptly, etc., on the ground that such release is without consideration, he should plead such want of consideration under affidavit, as required by article 1265 of the Revised Statutes.

5. **Same—Written Notice of Claim of Damage—When Reasonably Required.**—Where such shipping contract contains a stipulation that

the shipper will give written notice of his claim of damages to the station agent at point of delivery before the stock are removed. etc., and the railway company pleads such stipulation, alleging that its station agent there was known to the plaintiff (shipper), and was easily accessible, it then becomes a question to be submitted to the jury, and to be decided by them under all the facts of the case, as to whether such requirement of written notice was reasonable or not.

APPEAL from Denton.   Tried below before Hon. D. E. BARRETT.

*Alexander & Clark* and *J. W. Terry*, for appellant.—1.   The determination of the amount of damage per head was a mixed question of law and fact, and was for the jury to decide under appropriate instructions from the court.   Railway v. Burke, 55 Texas, 323; Railway v. De Milley, 60 Texas, 194; 2 Sedg. on Meas. Dam., 633.

2.   A station agent has no implied authority to bind his company by contract to furnish an engine or cars at any certain time.   Wood v. Railway, 21 Am. and Eng. Ry. Cases, 36; Richardson v. Railway, 18 Am. and Eng. Ry. Cases, 533; Sayles' Civ. Stats., art. 4227, sec. 1; Baker v. Railway, 28 Am. and Eng. Ry. Cases, 61.

3.   The court erred in refusing defendant's special charge No. 2, viz., "If you believe from the evidence that in the exercise of ordinary diligence the agent of the plaintiff could have served the written notice or claim of damage on defendant's station master at Purcell, and that he failed to do so, you will find for defendant;" because said provision in the written contract made the submission of such a charge proper under the evidence in the case, and the stipulation was valid if reasonable.   Good v. Railway, 11 S. W. Rep., 854.

4.   It is competent for a party qualified so to do, to execute a release of a cause of action for a valuable consideration, and such a release is binding upon a party unless it is shown to be the result of fraud or mistake.

*Jagoe & Ponder*, for appellee.—1.   It is competent for a witness, where it is impossible to give to the jury or court a fair or intelligible understanding of the matter in controversy, to give his opinion.   In such instances it is received in furtherance of justice.   60 Texas, 194; 7 Am. and Eng. Encyc. of Law, 492, 496; 2 Ct. App. C. C., 365; 69 Texas, 622.

2.   An agent of a railway company has authority to bind it by special contracts relating to the business of the company.   63 Texas, 381.

3.   There was no valuable consideration for the release clause in the written contract, and the same is therefore not valid, because its effect is an unreasonable limitation of the common law liability of the defendant.

HEAD, ASSOCIATE JUSTICE.—Appellee having a large number of beef cattle which he desired to ship to Chicago, made a verbal contract with

appellant's agent at Sanger, a station on its road in Denton County, to have the necessary cars and engine ready for him on the morning of November 8, 1889; and relying upon this contract, he drove his cattle from his pasture to said station, where they arrived at about 11 a. m. Appellant had the necessary cars in compliance with his contract, but no engine at said station to handle the same, and appellee was compelled to put his cattle in the pens of appellant, which were very muddy, where they remained until about 2 or 3 o'clock of the morning of the 9th. For the damages thus received appellee instituted this suit and recovered judgment for the sum of $1040.

On the trial of the case in the court below, appellee was permitted to ask several of his witnesses, "How much, in their opinion, the cattle were damaged per head by reason of the fact that they remained in the muddy pens of the company thirteen hours on a cold, damp day and night, and did without food or something to eat from early Friday morning until about 9 or 10 o'clock Saturday night?" to which the defendant objected, for the reason that the opinion of the witness as called for respecting the damage per head was improper and misleading, and the testimony of the witnesses should have been confined to facts, leaving the jury to determine the amount of damage per head. The witnesses, in answer to this question, stated from the best of their knowledge it would be from $3 to $4 per head.

We think the action of the court in admitting this evidence was error, for which the judgment will have to be reversed. In this case these witnesses should have been allowed to state the effect the treatment mentioned in the question would have had upon the cattle, in reducing their weight and in affecting their saleable value in the several items alleged in the plaintiff's petition, leaving the jury to estimate the amount of damage resulting from these causes. From the general answer of these witnesses, giving the gross amount of damage per head, we are unable to state that in arriving at this amount they confined themselves to the legitimate items of damage to be taken into consideration in making the estimate. As to what is the effect of a given kind of treatment upon an animal, either in reducing or increasing its weight, or in injuring or benefiting its appearance, is a proper matter of opinion to be stated by a witness to the jury; but as to whether these several items constitute the legal damage in a given case, and the amount of such damage, the jury must decide under proper instructions from the court. Railway v. Greathouse, 82 Texas, 109; Kauffman & Runge v. Babcock, 67 Texas, 241; Clardy v. Callicoate, 24 Texas, 170.

We think the court did not err in refusing to charge the jury that it would devolve upon plaintiff to prove authority on the part of defendant's station master to make the alleged verbal contract to furnish the engine and cars. This question has recently been fully considered by

our Supreme Court. Easton v. Dudley, 78 Texas, 236; McCarty v. Railway, 79 Texas, 33; Railway v. McCarty, 82 Texas, 608.

We find no error in the charge of the court as set forth in appellant's fourth assignment of which it has just cause of complaint. We do not find it to be a charge upon the weight of the evidence, or objectionable in failing to use the term "market value;" but, on the contrary, we regard it as a very clear exposition of the law of the case, in so far as it did not admit of any recovery against appellant not authorized by the law.

Upon the trial of the case in the court below it was shown that after the cattle were loaded in the cars, and just as the journey was commencing, appellee signed a written contract for the shipment of said cattle, in which the following clauses appear:

"2. The shipper agrees to waive and release, and does hereby release, the company from any and all liability for or on account of any delay in shipping said stock after the delivery thereof to its agent, and from any delay in receiving the same after tender or delivery, and for breach of any alleged contract to furnish cars at any particular time; and the shipper hereby releases and does waive and bar any and all cause of action for any damage whatsoever that has occurred to the shipper by any written or verbal contract prior to the execution hereof, concerning said stock or any of them."

"9. That for the consideration aforesaid said shipper further agrees, that as a condition precedent to his right to recover any damages for any loss or injury to his said stock during the transportation thereof, or at any place or places where the same may be loaded or unloaded on the company's road, or previous to loading thereof for shipment, he, they, or his or their agents in charge of the stock will give notice in writing of his claim therefor, specifying the nature of the claim to its station master, at said last named station on the company's road, before said stock is removed from said station, and before the same shall have been removed, slaughtered, or intermingled with other stock, and will not move said stock from said station until the expiration of three hours after the giving of such notice, to the end that such claim may be fully and fairly investigated; and that a failure to fully comply with the terms of this clause shall be a complete bar to any recovery of any and all such damages. The written notice herein provided for can not and shall not be waived by any person except such station master, and by him only in writing."

Appellant requested the court to instruct the jury that by this contract appellee had waived and released all claim for damages accruing to the cattle before the execution of the same, and in its sixth assignment complains at the refusal of the court to give this instruction.

In the case of Railway v. McCarty, 82 Texas, 608, because there was no evidence of any consideration for such waiver introduced upon the trial, it was held that the court did not err in disregarding this clause in

the written contract in question in that case.    We are unable to say from the report of that case whether there was any proper plea of a want of consideration for such written contract or not, but suppose such plea was filed, as no question was raised thereon.    In this case appellee filed no plea of want of consideration, and in such state of the pleading we are of opinion that the written contract made the basis of appellant's answer imported a sufficient consideration, which could only be called in question by a proper plea, supported by affidavit.

Article 4488 of the Revised Statutes provides that "every contract in writing hereafter made shall be held to import a consideration, in the same manner and as fully as sealed instruments have heretofore done," and by subdivision 10 of article 1265 of the Revised Statutes it is required that an answer setting up that a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part, shall be verified by affidavit; and we see no reason why these provisions of our statute should not be held to apply to the contract pleaded in this case.

Appellant also requested the court to charge the jury, that if they believed from the evidence that, in the exercise of ordinary diligence, the agent of the plaintiff could have served the written notice or claim of damage on defendant's station master at Purcell, and failed to do so, to find for the defendant, and in its seventh assignment complains of the refusal of the court to give such charge.

Appellant in its brief has not called our attention to the particular clause in this contract which it claims required the giving of notice to its agent at Purcell.    It might be, however, that the expression that notice should be given " to its station master at said last named station" refers to Purcell as such station.    If this be a correct interpretation of the contract, we are of opinion that the court, in view of the allegation in appellant's answer that its agent at Purcell was known to appellee, and was easily accessible, should have given this charge.    The jury, however, in passing upon the reasonableness of such requirement, would be authorized to take into consideration the length of time the cattle were stopped at Purcell, and the facilities afforded appellee for giving this notice, and all of the attendant circumstances.    If appellant relied upon this clause in its contract as being reasonable, it would be its duty to afford reasonable time, opportunity, and other facilities for complying therewith; and as to whether this was done in the particular instance would be a question for the jury to decide.    Railway v. Childress & Co., ante, 302, and authorities therein cited.

For the errors above indicated the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 29, 1892.