So that in no event does the court's charge present any error.

The judgment is affirmed.

---

PECOS & N. T. RY. CO. v. HOLMES et al.
(No. 785.)

(Court of Civil Appeals of Texas. Amarillo. May 8, 1915. On Motion to Reform Judgment, June 5, 1915.)

1. EVIDENCE ☰506 — EXPERT TESTIMONY — MATTERS DIRECTLY IN ISSUE.

In a suit for injuries to cattle in shipment, a witness, though an expert, cannot state his conclusion as to the depreciation which the cattle would have suffered by ordinary shipment and the depreciation they suffered as it was; the question of depreciation being for the jury's determination, and the witness assuming it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2309; Dec. Dig. ☰506.]

2. EVIDENCE ☰558—OPINION EVIDENCE—EXPERT TESTIMONY. ·

Cross-examination as to the means of knowledge of an expert witness goes to the credibility of his testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2377, 2379; Dec. Dig. ☰558.]

3. TRIAL ☰260—INSTRUCTIONS—REFUSAL.

The refusal of requests covered by the charge given is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☰260.]

4. CARRIERS ☰229—CARRIAGE OF LIVE STOCK —MEASURE OF DAMAGES.

The measure of damages for injuries to cattle shipped for pasturage is the same as for injuries to those shipped to market for sale.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. ☰229.]

5. CARRIERS ☰218—ACTIONS—DEFENSES.

Where a shipper gave notice of injuries to cattle, the fact that the claim filed with the notice was not so large as the amount sued for will not defeat recovery, although it should be considered on the question whether the amount sued for was excessive.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. ☰218.]

On Motion to Reform Judgment.

6. APPEAL AND ERROR ☰1173—DETERMINATION.

In an action against two railroad companies, there was a judgment in favor of one, and the other appealed. There was no complaint as to the judgment in favor of the company which did not appeal, nor was there any allegation of partnership or agency between the com-

panies. *Held* that, though the judgment against the appealing railroad company was reversed, the judgment in favor of the other should not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. 1173.]

Appeal from District Court, Wheeler County; F. P. Greever, Judge.

Action by Fred and Henry Holmes against the Pecos & Northern Texas Railway Company and another. From a judgment for plaintiffs, the defendant named appeals. Reversed and remanded as to the defendant named, and affirmed as to the other defendant.

Terry, Cavin & Mills, of Galveston, and Hoover & Dial, of Canadian, for appellant. C. E. McVey and M. Reynolds, both of Shamrock, and N. H. Lassiter, of Ft. Worth (Gustavus & Jackson, of Amarillo, of counsel), for appellees.

HUFF, C. J. Appellees Holmes brought suit against the Pecos & Northern Texas Railway Company, and the Chicago, Rock Island & Gulf Railway Company, in the district court of Wheeler county, alleging damages to a shipment of 333 head of grown cattle and 250 head of calves, from Shamrock, Tex., on the 'line of the Chicago, Rock Island & Gulf Railway Company to Amarillo, Tex., thence to Lamesa, over the Pecos & Northern Texas Railway Company, alleging delay and negligence in handling the stock, jerking, bumping, suddenly stopping the train, etc., greatly bruising and injuring the cattle, to their damage in the sum of $1,501. Judgment was rendered in favor of the appellees against the Pecos and Northern Texas Railway Company, the trial court having instructed a verdict in favor of the Chicago, Rock Island & Gulf Railway Company.

The facts in this case show that there were sudden stops, hard jolts and bumps, so that the cattle were thrown against the side of the cars, etc., on both lines of road. The evidence also shows that bumps, jars, and stops are ordinarily made in shipments of this kind and character. There is no evidence that we are able to find in the record tending to show what the damages are to cattle where they are handled in the usual and ordinary way incident to shipments of this character; or how much such handling would depreciate their value from Shamrock to Lamesa. The evidence shows that there was one head of cattle so badly crippled at the time of arrival that it was necessary to kill it, and that its value was $45. . The Pecos road appeals, making its codefendant and the plaintiffs in the court below, the Holmeses, parties appellees in this suit.

[1] The first assignment of error presents error on the part of the trial court in permitting Fred Holmes, one of the appellees, to testify over its objection:

"I know what the market value of these 30 head of cattle that I say were worse injured than the others were at Lamesa, in the condition they were in at the time they arrived there. Their market value was about $25 per head. I know what the market value of those cattle was at Lamesa at the time we arrived there if they received the injuries I have mentioned, except such thereof as was necessary to the shipment from Shamrock to Lamesa. It was about $40 per head."

The objection made to this testimony was that it was the opinion of the witness on a mixed question of law and fact; that he was not qualified to speak; and that it was equivalent, in law, to permitting the witness to testify that the cattle were negligently transported; and that the same was misleading to the jury and highly prejudicial.

The third assignment is urged to substantially the same evidence which refers to 302 head of cattle in the shipment, and the same objection is urged thereto as to the 30 head; and the fourth assignment was urged to this witness' testifying as to the calves, which testimony and objection are substantially the same as to the 30 head of cattle.

It will be observed that this witness undertook to give the value of the cattle in the condition in which they should have arrived at Lamesa, after deducting "Such thereof as was necessary to the shipment from Shamrock to Lamesa." Assuming that this witness was qualified as an expert to give his opinion as to what the depreciation would be under an ordinary and usual shipment between Shamrock and Lamesa, he yet did not testify what it was. He gave no fact upon which the jury could determine by what method he arrived at such depreciation. He stated there would necessarily be some depreciation incident to the shipment, and then testifies what that would be, together with the unusual and unnecessary handling of the cattle. Did he allow enough for the necessary and ordinary depreciation? How could the jury determine whether he did or not? We believe that his testimony is susceptible of the construction that he assumed there was unusual and unnecessarily rough handling. He, in other words, testifies in terms to the measure of damages submitted by the court to the jury for their determination. He testified to the law which the court was to submit and the facts the jury were to find. The jury must reach their conclusion from the evidence adduced upon the trial, and not the opinion of the witness; that is, was there unusual and unnecessary jolting, jamming, stopping, etc? It occurs to us the jury should have the facts upon which they could find what the necessary injury would be and what the unnecessary handling would produce. They should form the conclusion, and not the witness. In Railway Co. v. Wright, 1 Tex. Civ. App. 402, 21 S. W. 80, it is said:

"From the general answer of these witnesses, giving the gross amount of damage per head, we are unable to state in arriving at this amount

they confined themselves to legitimate items of damages to be taken into consideration in making the estimate. As to what is the effect of a given kind of treatment upon an animal, either in reducing or increasing its weight, or in injuring or benefiting its appearance, is a proper matter of opinion to be stated by a witness to the jury; but as to whether these several items constitute the legal damage in a given case, and the amount of such damage, the jury must decide under proper instructions of the court." Railway Co. v. Hughes, 31 S. W. 411; Railway Co. v. White, 32 S. W. 322; Kauffman v. Babcock, 67 Tex. 241, 2 S. W. 878; Railway Co. v. Kapp, 117 S. W. 904.

Where a witness was permitted to testify to the market value of cattle at their destination if they had been transported with ordinary care and dispatch, the court held the admission of such testimony to be erroneous. Railway Co. v. Bishop, 154 S. W. 305; Railway Co. v. Kimble, 49 Tex. Civ. App. 622, 109 S. W. 234; Railway Co. v. Davis, 50 Tex. Civ. App. 74, 109 S. W. 422. Both cases cite the Supreme Court in Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808.

"The elements or facts which should be considered were first to be determined in part by the court in the admission and exclusion of the evidence, and the conclusion to be drawn from them as to the time reasonably required to carry the cattle to their destination with ordinary diligence was then to be drawn by a jury by applying to the facts admitted in evidence their own judgment as to what would constitute ordinary diligence, and a reasonable time. The opinion of the witness therefore was given in part from questions of law addressed to the court and in part upon conclusions of fact to be drawn by the jury."

The witness in this case, in effect, stated if the cattle had been handled with proper care there would have been some "necessary" injury, and, deducting that injury, the cattle would have been of the value of $40 per head. This is based upon some fact in the mind of the witness, but the court and jury were not informed upon what fact or facts there would have been necessary injuries; and how much such necessary injury would have been. What kind of jolts did he consider ordinary or extraordinary? What would have been the depreciation in weight or appearance by the necessary injury from their normal condition? The witness decides this entire question for the jury. The court could as well have instructed the jury that the witness gave the proper measure of damages as to have permitted him so to testify. There was no other testimony in the record on this subject but that of this witness. We think the court was in error in admitting the testimony, which necessarily reverses the case.

[2] The second assignment will be overruled. We think there was sufficient knowledge shown by the witness of the market value at Lamesa to have authorized the court to permit him to testify thereto. The cross-examination, showing his means of knowledge or want of knowledge, etc., go more to its weight than to its admissibility.

[3, 4] The fifth assignment is overruled. The trial court gave one of appellant's instructions involving substantially the same proposition embodied in the charge refused, of which complaint is made by this assignment. The measure of damages is the same on cattle shipped for pasturage as to market for sale. Railway Co. v. Stanley, 89 Tex. 42, 33 S. W. 109. On the propriety of a charge calling attention to the improvement or recovery of cattle after injury, and after being placed upon the range, we call attention to Railway Co. v. Mulkey, 159 S. W. 111, and are inclined to approve what is there said; but, aside from what is there said, we believe the trial court sufficiently submitted appellant's theory by giving its requested charge, and it was unnecessary to give the one upon which the assignment is founded.

The sixth assignment is overruled. It appears the trial court, in the general charge, and in the specially requested charges, given by the court, sufficiently covered the proposition contained in this assignment.

[5] The seventh assignment is overruled. The fact that the claim filed with the notice of damages, with appellant, is not as large as the amount sued for, would not defeat his right to sue because no notice was given. The notice was given, but the claim for damages was less than sued for. Appellees were not confined to any special amount by the contract, but it required notice in order that appellant might investigate before the witnesses or evidence were beyond its reach. The amount of the claim was a proper matter for the jury in considering the damages sustained by appellees, and we think could be considered by them for that purpose.

The eighth, ninth, tenth, eleventh, and twelfth assignments are overruled. We deem it unnecessary to discuss them at this time, as they relate to the sufficiency of the testimony to support the verdict. Our discussion of the first assignment disposes of some of the grounds urged and presented in these assignments. The trial court sufficiently instructed the jury not to find against appellant for damages occasioned by the negligence of the Chicago, Rock Island & Gulf Railway Company.

For the reasons heretofore stated, the case will be reversed and remanded.

### On Motion to Reform Judgment.

[6] The Chicago, Rock Island & Gulf Railway Company has presented its motion to correct the judgment of reversal and affirm the judgment as to it. There was no complaint in this court, and none was presented in the court below, to the judgment rendered in favor of the Chicago, Rock Island & Gulf Railway Company. There was no allegation of partnership or agency between the two railways in the petition of appellee. The judgment of this court will be reformed, and

the judgment of the trial court as to the Chicago, Rock Island & Gulf Railway Company will not be disturbed but affirmed; and the judgment as to the Pecos & Northern Texas Railway Company alone reversed and a new trial ordered as to that road; and the judgment as to the Chicago, Rock Island & Gulf Railway Company will be affirmed. That is, that appellees take nothing as to that railroad company, and that it recover its costs in the court below and in this court. Railway Co. v. Hamm, 47 Tex. Civ. App. 196, 103 S. W. 1127; Railway Co. v. Moore, 119 S. W. 697; same case, 103 Tex. 349, 127 S. W. 797. The motion of the Chicago, Rock Island & Gulf Railway Company is granted, and the judgment ordered corrected in accordance with this opinion.