ROYAL NEIGHBORS OF AMERICA v. HEARD et al.    (No. 5608.) *

(Court of Civil Appeals of Texas.    Austin. March 22, 1916.    Rehearing Denied April 19, 1916.)

INSURANCE ☞815(4)—ACTIONS ON POLICIES—PLEADING.

Under Rev. St. 1911, art. 7093, providing that written instruments shall import a consideration in the same manner as sealed instruments under the common law, and article 1906, providing that the consideration of a written instrument cannot be impeached or put in issue except by sworn pleadings, in an action against a beneficiary association on a written policy, it was not necessary for the plaintiffs to allege in their pleadings that the written contract sued upon was based upon a sufficient consideration.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1998; Dec. Dig. ☞815(4).]

Error from District Court, Tom Green County; J. W. Timmins, Judge.

Suit by Mrs. Cora Heard and another against the Royal Neighbors of America. Judgment for the plaintiffs, and defendant brings error. Affirmed.

Davis, Johnson & Golden, of Dallas, for plaintiff in error. W. A. Anderson and W. E. Taylor, both of San Angelo, for defendants in error.

KEY, C. J. Mrs. Cora Heard, joined by her husband, T. M. Heard, brought this suit against the Royal Neighbors of America, a beneficiary association, doing business in Texas, upon a written contract of insurance for $1,000. Though duly served with citation, the defendant failed to answer, the plaintiffs obtained judgment by default, and the defendant has brought the case to this court by writ of error.

The plaintiff in error, defendant in the court below, presents but one assignment of error, which is that the trial court erred in rendering judgment by default in favor of the plaintiffs in the court below for the reason that the petition upon which the judgment was rendered failed to allege any consideration supporting the contract of insurance.

With the exception of alleging a consideration, the petition contains all the other necessary averments, and alleges:

"That on or about the 3d day of January, 1913, Miss Bessie M. Heard made application to the defendant for membership therein for the purpose of taking out a policy of insurance in favor of her mother, Mrs. Cora Heard. That on or about the 10th day of February, 1913, the defendant executed and delivered to Miss Bessie M. Heard a benefit certificate No. 304,549, whereby the defendant promised, obligated, and bound itself to pay to the said Mrs. Cora Heard the sum of $1,000 upon the death of said Miss Bessie M. Heard."

Thus it will be seen that while the petition does not, in express terms, allege that the contract was in writing, still it describes it in such manner as shows that it was. In this state, by force of statutory law, all written instruments import a consideration in the same manner and as fully as sealed instruments imported under the common law (R. S. art. 7093), and the consideration of such instruments cannot be impeached or put in issue except by sworn plea (R. S. art. 1906) ; and, such being the case, we hold that it was not necessary for the plaintiffs to allege in their pleading that the written contract sued upon was based upon a sufficient consideration (Newton v. Newton, 77 Tex. 512, 14 S. W. 157; Railway Co. v. Wright, 1 Tex. Civ. App. 405, 21 S. W. 80; Warren v. Gentry, 21 Tex. Civ. App. 151, 50 S. W. 1025; Railway v. Pennington, 32 S. W. 706; Railway v. Shirley, 130 S. W. 687). Article 7093, R. S., places all written contracts upon a parity with sealed instruments under the common law, and it is well settled that at common law in suit upon a sealed instrument it is not necessary to allege a consideration. Chitty on Plead. vol. 1, p. 360; Shipp on Common-Law Plead. p. 227; 9 Cyc. p. 717; Jones v. Holliday, 11 Tex. 412, 62 Am. Dec. 487. In the latter case, which was decided before article 7093 was enacted, our Supreme Court held that it was necessary to aver a consideration to support a simple contract in writing and not under seal, but in the opinion it is stated that it is not necessary to allege the consideration of a contract under seal, for the reason that the consideration is implied in the solemnity of the instrument.

Counsel for plaintiff in error rely upon the case of Life Ins. Co. v. Davidge, 51 Tex. 249, which seems to be in point, but as it refers for support to decisions made prior to the enactment of the statute declaring that all written instruments import a consideration, and as no reference is made in that case to that statute, we believe that it must have been overlooked by the Supreme Court. It is a well-settled principle of law that, as a general rule, it is not necessary for a plaintiff in a civil case to plead any fact that he will not be required to prove; and it is obvious, from the provisions of the two articles of the statute referred to, that when a plaintiff brings suit upon a written contract he is not required to make any proof concerning the consideration for the contract. By the terms of the statute the written instrument imports a consideration, and defendant can offer no testimony tending to show a want of consideration until he files a plea under oath denying the existence of a consideration. This renders it clear that a proper construction of the statute referred to places the burden of proof upon the defendant in reference to the consideration for contracts in writing, and therefore it is not necessary that the plaintiff should make any averment upon that subject.

We recognize and regret the fact that our decision in this case is in conflict with the opinion of the Supreme Court in the Davidge Case, but we are so thoroughly convinced of the correctness of our own decision that we decline to follow that case, and especially so, as the opinion of the court indicates that the statute hereinbefore referred to was overlooked when that case was decided.

No error has been shown, and the judgment is affirmed.

Affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes