## SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. COOPER et al.
### (No. 6127.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1919. Rehearing Denied Feb. 5, 1919.)

1. INSURANCE ⬦819(2) — MUTUAL BENEFIT INSURANCE—TRUTH OF REPRESENTATION—SUFFICIENCY OF EVIDENCE.

In action on insurance certificate involving the question of whether insured's statement in application that he had never suffered from syphilis was misrepresentation, verdict for plaintiff *held* so manifestly contrary to the evidence as to justify reversal.

2. APPEAL AND ERROR ⬦193(9)—PRESENTATION IN LOWER COURT — INSUFFICIENCY OF PETITION.

Insufficiency of petition to state cause of action can be urged on appeal, though defendant did not present a general demurrer in lower court.

3. PLEADING ⬦403(2)—DEMURRER—ALLEGATIONS OF ANSWER.

Allegations of answer may be taken in aid of the petition in testing it as against a general demurrer.

4. INSURANCE ⬦815(1) — MUTUAL BENEFIT INSURANCE—SUFFICIENCY OF PETITION.

Petition in action on insurance certificate, not alleging that the conditions precedent to entitle beneficiary to the sum named in the policy have been complied with, was insufficient, where such failure was not cured by allegations in answer.

5. INSURANCE ⬦815(1) — MUTUAL BENEFIT INSURANCE — SUFFICIENCY OF PETITION — CONSIDERATION.

Petition, in action on insurance certificate, was not defective for failure to allege consideration.

6. PLEADING ⬦406(1)—SUFFICIENCY OF PETITION—WAIVER.

An insufficient petition will not be held sufficient on the ground that plaintiff's counsel understood from conversation with defendant's counsel that it would not be necessary to amend the pleadings, as no question concerning the same would be raised.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action on benefit certificate by Elizabeth Cooper and husband against the Sovereign Camp of the Woodmen of the World, in which the former Lela Cooper, wife of deceased, and her second husband intervene. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

E. D. Henry, Perry S. Robertson, and Atlas Jones, all of San Antonio, for appellant.

Norton & Brown, of San Antonio, for appellees.

MOURSUND, J. This is a suit by Elizabeth Cooper and her husband against appellant on an insurance certificate issued by appellant on June 28, 1916, to Ben F. Cooper, and originally payable to Lela Cooper, wife of Ben F. Cooper. Plaintiffs alleged that Ben F. Cooper changed the beneficiary from his wife to his mother, Elizabeth Cooper. The wife, who married again, joined by her husband, intervened, and alleged that if any change of beneficiary was made, it was caused by undue influence. Defendant answered by general denial, and then pleaded that it was a fraternal benefit society, and that the certificate issued by it to Ben F. Cooper was void because certain statements in his application, warranted to be true, were false and fraudulently made "in that the applicant stated that he had never had syphilis, or any other disease of the genitourinary apparatus; that he had had hernia, and had had an operation for hernia."

It is contended by appellant that the undisputed evidence shows that Ben F. Cooper's statement that he had had hernia, and had been operated on for the same successfully, was false, and therefore the policy was void. There can be no doubt that the statement was false, but as the provision hereinbefore quoted from appellant's constitution only makes the certificate void if any statements in the application, upon the faith of which the certificate was issued, are untrue, it is evident that the false statement that he had had hernia would not render the certificate void. The certificate was not issued on the faith of that statement. If he had stated the truth and answered "no" to that question the certificate would more certainly have been issued to him than upon an answer to the effect that he had been afflicted with hernia, but cured by an operation. It pleaded the following provision of its constitution and by-laws:

"If any of the statements or declarations in the application for membership and upon the faith of which this certificate was issued shall be found in any respect untrue, this certificate shall be null and void and of no effect."

In answer to special issues the jury found in favor of plaintiff upon the issues relating to change of beneficiary, and found that Ben F. Cooper had never had syphilis prior to the time he made his application for insurance. Upon this verdict judgment was rendered in favor of plaintiffs for the sum of $750, the amount called for by the policy in view of the death of the insured during the first policy year, less $9.66, with which the insured was chargeable on his annual assessment. The intervener did not appeal.

The only remaining issue raised by the assignments of error is with regard to the

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sufficiency of the evidence to support the finding that insured did not have syphilis.

Dr. Amos Graves, who was the brother-in-law of the insured, and his physician for some years prior to his death, and who attended him during his last illness, made out a sworn certificate, required as part of the proofs of death. which contained the following statements: That he had attended the deceased 3 or 4 years before the date of the certificate, treating him for two or three weeks for inguinal abscess; that "about 3 years ago he had a positive Wasserman, when he had the inguinal abscess." Dr. Graves, as a witness, testified that he had been practicing medicine for 26 years; that he believed the insured had syphilis about 3 years before his death; that he treated him for syphilis, and the treatment was effective; that the abscess in the groin, for which he treated insured by opening it and packing it with gauze, was one of the symptoms of syphilis; that he had Dr. Wooten to make a Wasserman test from the blood of the insured, and that Dr. Wooten made a report to him; that Dr. Wooten had been gone from San Antonio for about a year, and he did not know where he was living at the time of the trial. He testified further:

"In my opinion as a physician for many, many years, and my treatment of that man for some 2 years for that disease, it is my opinion that he did have syphilis, and I testified to that; and it is my testimony now that he had syphilis."

When asked upon cross-examination: "Will you swear as a fact that Ben Cooper had syphilis?" he answered: "I couldn't swear it." Dr. C. A. Goeth explained what a Wasserman test is, and testified that when the test is positive it means that the patient is syphilitic. He also testified that there are many symptoms by which you can tell whether a patient is syphilitic or not, and that sometimes you can tell absolutely without a Wasserman test; that he examined Ben F. Cooper at the time he made the application for the insurance, and he was fairly sound and robust in appearance, but could have had syphilis 2 or 3 years prior to his examination and witness would not have been able to discover it from the examination he gave him. Defendant's Sovereign Physician testified that Cooper's application would have been rejected by him if he had known that Cooper had been treated for syphilis.

[1] The opinion of an expert of many years' experience, who is closely related to and on friendly and cordial terms with the plaintiff, on the question whether the deceased had syphilis, it appears to us, furnishes the very best evidence of which the case is susceptible. Dr. Graves had formed such opinion several years prior to the trial; had

acted thereon successfully in treating the deceased; had had ample opportunity to observe and study the symptoms; and in addition had fortified his opinion by having a Wasserman test made which corroborated his view, and which, if positive, is shown to be regarded as conclusive evidence of the presence of syphilis. There is no evidence tending to show that his opinion was probably mistaken, or that there was any likelihood of a mistake. Surely appellant could safely go to trial relying upon such testimony as sufficient, and could not anticipate that a jury would feel warranted in discarding such testimony merely because the expert declined to go further and testify as a fact that the deceased had syphilis. The verdict is so manifestly contrary to the evidence that evident injustice would result from letting the judgment stand. We will therefore reverse the judgment and remand the cause.

[2-5] If the petition fails to state a cause of action, the fact that defendant did not present its general demurrer will not prevent it from availing itself of such defect on appeal. City of San Antonio v. Bodeman, 163 S. W. 1043, and cases therein cited. The allegations of the answer may be taken in aid of the petition in testing it as against a general demurrer. Peoples v. Brockman, 153 S. W. 910. But the answer in this case describes a certificate different from the one described in the petition, and besides in neither pleading is it alleged that the conditions precedent to entitle the beneficiary to the sum named in the policy had been complied with. Under the authority of the case of Assurance Co. v. Dunbar, 7 Tex. Civ. App. 418, 26 S. W. 628, and Wooten v. Bitulithic Co., 196 S. W. 601, we hold the petition did not state a cause of action. We believe the opinion in the case of Royal Neighbors v. Heard, 185 S. W. 882, is correct, and overrule the contention that the petition is defective for failure to allege consideration, but in view of the conflict between such decision and the Supreme Court case cited therein it is obvious that before another trial it would be advisable to plead in accordance with the Supreme Court decision.

[6] The petition cannot be held sufficient because counsel for plaintiff understood (as testified on hearing on the motion for a new trial) from a conversation with one of defendant's counsel that it would not be necessary to amend the pleadings, as no question concerning the same would be raised.

The assignments 6 to 9, inclusive, complain of no ruling, and will not be considered.

As the cause will be remanded for other reasons, it is unnecessary to discuss at length the tenth assignment which complains of the refusal of the court to grant a new trial on account of newly discovered evidence, and we will merely say that we do not find that

the trial court abused its discretion in over-ruling the motion in so far as that ground was relied on.

The judgment is reversed, and the cause remanded.