## SOVEREIGN CAMP, W. O. W., v. LITTLE et al. (No. 6450.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1920. Rehearing Denied Dec. 11, 1920.)

1. Insurance ⊝⟶815(1)—Petition to recover on fraternal life policy sufficient.

A petition to recover on fraternal life policy, alleging that insured had paid specified premiums, the death of insured, etc., held sufficient, especially as insurer's answer admitted issuing policy and recognized insured as one of its members.

2. Insurance ⊝⟶755(3)—Receiving same dues after notice that insured had changed occupation waives right to larger premium.

A fraternal insurance association receiving the same dues after notice that insured had entered a more hazardous occupation waived payment of larger premiums and is estopped to claim forfeiture of the policy.

On Motion for Rehearing.

3. Insurance ⊝⟶819(3)—Evidence establishes insurer was notified of insured's change of occupation.

In an action on a fraternal life policy, evidence that insured's agent was told that insured was working at a more hazardous occupation and that the agent and insured had corresponded, etc., held to sustain a jury finding that the insurer knew of insured's change of occupation.

Error from District Court, Medina County; R. H. Burney, Judge.

Suit by Bertha A. Little and others against Sovereign Camp, W. O. W. Judgment for plaintiffs, and defendant brings error. Affirmed, and motion for rehearing overruled.

E. D. Henry, John H. Bickett, Jr., and L. M. Bickett, all of San Antonio, for plaintiff in error.

Briscoe & Morris, of Devine, for defendants in error.

FLY, C. J. This is a suit by the mother and wife of W. G. Little, deceased, to recover the sum of $2,000 insurance held by him in the fraternal association of Woodmen of the World. Appellant sought to evade payment of the insurance on the plea that deceased had changed his occupation to a more hazardous one after he had been insured, without notifying the clerk of the local body of the change and paying the additional dues required by the laws of the association. Appellees in a supplemental petition pleaded notice and payment of the amounts requested by the clerk. The cause was submitted on special issues, and upon the responses of the jury thereto judgment was rendered for appellees in the sum of $2,000, less amounts of $2.40 and $18.48, for additional dues and assessments.

The jury found that Mrs. L. A. Moss, acting as agent for W. G. Little, notified W. H. Grant, appellant's clerk and agent, at Devine, Tex., that said Little had changed his occupation from that of a restaurant keeper to that of miner; that Grant after receiving such information told Mrs. Moss what the dues were and she paid them to Grant; that W. G. Little did not know what the amount of the dues was, but relied upon the statement of Grant as to the true amount. The evidence amply sustains the responses of the jury. W. G. Little sent Mrs. Moss $5 and requested her to pay the amount of dues demanded and requested her to tell W. H. Grant that he was engaged in mining in Arizona; that he went down 600 feet under the ground and then walked half a mile under a mountain to his work. Mrs. Moss also testified that Grant had tried to get deceased the job in Arizona, and, it would seem, succeeded.

[1] The first assignment is overruled. The petition is not subject to general demurrer, but states a cause of action. It fully shows that W. G. Little, on September 27, 1917, for a certain consideration, naming it, which he had faithfully paid to appellant, had insured his life in the sum of $2,000 for the benefit of appellees in equal sums. Other conditions were pleaded, as well as the death of the insured and proof of the same. All necessary allegations were made. Neither

⊝⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the case of Cooper v. W. O. W., 208 S. W. 550, decided by this court, nor the other authorities cited by appellant, sustain its contention. If the petition had not been sufficiently explicit, appellant in its answer made it certain that it had issued the policy and recognized W. G. Little as one of its members.

The second, third, and fourth assignments attack the petition and supplemental petition on matters to which they are not open, and they are overruled. A good cause of action is stated in the pleadings.

. As hereinbefore stated, the evidence fully justified the submission of the issues and the responses of the jury, and all of the remaining assignments of error are overruled.

[2] The laws of appellant required notice to the clerk of the camp, of which the insured was a member, of a change to a more hazardous occupation, and that notice was given, and, of course, the notice was binding on appellant. It follows that, in receiving the same dues after obtaining the notice as before stated, it waived the payment of a greater sum and is estopped to claim a forfeiture. Appellant made the waiver, and not the agent. Sov. Camp, W. O. W., v. Putnam, 206 S. W. 970; Sov. Camp, W. O. W., v. Nash, 220 S. W. 23; Sov. Camp, W. O. W., v. Miller, 220 S. W. 635.

The judgment is affirmed.

MOURSUND, J., entered his disqualification in this case.

### On Motion for Rehearing.

FLY, C. J. While not presenting any reason for a rehearing, a correction, as desired by appellant, is made in the opinion as to the amount of the judgment so as to read $1,500, less $20.88, instead of $2,000 less that sum.

[3] Grant, the clerk of the local camp, stated that he did not know that W. G. Little had gone into the occupation of miner, and yet he was very uncertain as to whether Mrs. Moss told him about it or not. He said:

"I don't say that she did not, but I have no recollection of it. She may have told me."

Mrs. Moss, who was not contradicted by Grant, swore positively that she told Grant that W. G. Little was working in the mines in Miami, Ariz., and asked the amount of the dues and paid what was demanded by the clerk. While two constructions may be placed on what Grant told Mrs. Moss about work in the mines, one being that Grant tried to get Little work in them, and the other that Little tried to get Grant a job in the mines, whichever may be true, the fact is established that Grant admitted to Mrs. Moss that he had corresponded with Little and that he (Grant) did not like the work in which Little was engaged in the mines. Mrs. Moss knew that Grant had corresponded with Little because she read one of the letters written to Little by Grant. Grant would not deny those facts, but sought to evade them. He admitted that he corresponded with Little, while he was in Arizona. The facts show that he must have known that Little was engaged in mining, outside of being told so by Mrs. Moss. Under such facts, appellant should not be permitted to evade the payment of a debt due the wife and mother of a deceased member.

The motion for rehearing is overruled.